## Manufacturers Casualty Insurance Company, Appellant, v. Goodville Mutual Casualty Company.

Argued November 17, 1960. Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Henry T. Reath,* with him *W. Hensel Brown,* and *Duane, Morris & Heckscher,* for appellant.

*Ralph M. Barley,* with him *John C. Pittenger,* and *Barley, Snyder, Cooper & Mueller,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, May 22, 1961:

This declaratory judgment proceeding was instituted by the plaintiff, Manufacturers Casualty Insurance Company, in an effort to impose liability upon Goodville Mutual Casualty Company, under an insurance policy issued by the latter company, for contribution to an $8,000 settlement and a $25,000 judgment for the respective plaintiffs in two personal injury actions, growing out of the same accident, for which Manufac-

turers was concededly liable under its policy of insurance covering the impleaded defendant company in the two tort actions. Manufacturers also asks reimbursement from Goodville for one-half of the counsel fees and legal expenses incurred in the defense of the trespass cases. The court below decided in favor of Goodville on the ground of non-liability under the terms of its policy and entered an order dismissing the plaintiff's petition for a declaratory judgment. From that order, Manufacturers has appealed.

The material facts are not in dispute.

Goodville Mutual Casualty Company issued its automobile liability insurance policy to one Roy M. Wertz and his wife covering an automobile and a horse trailer owned by them. Under this policy, Goodville contracted "to pay on behalf of *the insured* all sums which *the insured* shall become legally obligated to pay" for damages "caused by accident and arising out of the ownership, maintenance or use" of the automobile or trailer. (Emphasis supplied) "The insured", as identified by the policy, were Roy M. Wertz and his wife and any person or organization using the automobile or trailer "with the permission of either" of them.

Roy M. Wertz gave such permission to M. A. Stoltzfus, individually, for his use of the trailer for the transportation of a horse. Stoltzfus hired one Wingenroth to do the actual transporting by means of a pick-up truck, as the motive power, to the rear end of which the horse trailer was attached. The pick-up truck was owned by D. M. Stoltzfus & Son, Inc., from which concern M. A. Stoltzfus, the individual, had rented it for the operation.

While the pick-up truck with the horse trailer attached was being driven by Wingenroth in an easterly direction on the Pennsylvania Turnpike, Wingenroth lost control thereof and the truck and trailer crossed the medial strip and the two westbound lanes, and

came to rest against the guard rail on the north side of the highway with the trailer extending across most of the right westbound lane of the turnpike. While the truck and trailer were in that position, an automobile traveling in the right westbound lane of the turnpike crashed into the trailer. William J. O'Malley was the owner and driver of the colliding automobile in which Charles O'Malley and Richard A. Bissell were passengers. Charles O'Malley and Bissell sustained personal injuries and William J. O'Malley suffered property damage to his car. The O'Malleys and Bissell separately sued D. M. Stoltzfus & Son, Inc., in trespass for recovery of their respective damages.[1] Manufacturers Casualty Insurance Company's policy insuring D. M. Stoltzfus & Son, Inc., against such liability also covered M. A. Stoltzfus the individual. Manufacturers assumed the defense of D. M. Stoltzfus & Son, Inc., in the two trespass actions and, having given Goodville notice of the pendency of the suits, requested that company to participate in the defense of the Stoltzfus *corporation* which Goodville declined to do.

Goodville contended in the court below, and now here, that this accident was not one "arising out of the ownership, maintenance or use of" the horse trailer. With that contention the court below agreed, holding that "arising out of" must be construed to mean "proximately caused by." However, we do not so interpret the words "arising out of."

In *Suburban Service Bus Co. v. National Mut. Casualty Co.*, 183 S.W. 2d 376, 378 (St. Louis Ct. of Appeals, Mo., 1944), it was said, "The words 'arising out of the use of the bus' are very broad, general, and comprehensive terms. The insurer made no attempt to

---

[1] In the O'Malleys' suit, they also joined Wingenroth, the driver of the pick-up truck, as a defendant. He was never served, however, and did not figure in the subsequent proceedings.

limit the plain, usual, and ordinary meaning of the term 'use.' We find nothing in the policy requiring that the use of the bus shall be the direct and proximate cause of the injury. The words 'arising out of the use of the bus' are much broader than words such as 'directly and proximately caused by the use of the bus.' "

In *American Fire & Casualty Co. v. Allstate Ins. Co.,* 214 F. 2d 523 (4th Cir., 1954), the owner of a Chrysler automobile, while towing his jeep, was involved in an accident with another automobile. Suit was instituted against him by two occupants of the latter vehicle. The Chrysler and the jeep were insured by different companies. Both insurers participated in his defense, but the insurer of the jeep reserved a right to disclaim liability. After settlement of the suits and payment thereof by the insurer of the Chrysler, the insurer of the jeep disclaimed liability. The language of the policy which covered the jeep was identical with the language of the Goodville policy in the present case. The insurer of the Chrysler sued the insurer of the jeep for contribution. The court affirmed a judgment for the plaintiff, rejecting an argument that the Chrysler was solely responsible for the accident and holding that the accident was one "arising out of the . . . use" of the jeep.

When the provisions of an insurance policy are vague or ambiguous, they must be construed strictly against the insurer and liberally in favor of the insured. Had the insurer desired to limit its liability to accidents with such a close causal connection to the ownership, maintenance or use of the trailer as to be encompassed within the scope of proximate causation, it could have and should have so stated in its policy. Construed strictly against the insurer, "arising out of" means causally connected with, not proximately caused by. "But for" causation, i.e., a cause and result rela-

tionship, is enough to satisfy this provision of the policy. Unquestionably the trailer was in "use" at the time of the accident, since it was being used for the very purpose of its existence, viz., to transport a horse. But for the fact of its being so used on this occasion, O'Malley's automobile would not have collided with it.

Even so, Goodville was fully justified in refusing to participate in the defense of the actions instituted against the Stoltzfus *corporation*. No permission to use the horse trailer had been given by the Wertzes to D. M. Stoltzfus & Son, Inc. Hence, that entity was in no sense and at no time an "insured" under Goodville's policy.

The O'Malleys' suit against D. M. Stoltzfus & Son, Inc., was settled by Manufacturers for $8,000 without any reference whatsoever to M. A. Stoltzfus, the individual.

When Bissell's case was called for trial, counsel for Manufacturers informed the court that a settlement of $25,000 had been agreed upon with counsel for Bissell. At Manufacturers' request, which the court granted, M. A. Stoltzfus individually was then substituted on the record for D. M. Stoltzfus & Son, Inc., as the sole party defendant. This was done *without notice to Goodville.* After the substitution had been effected, the jury, pursuant to the trial judge's instructions, forthwith returned a verdict in favor of Bissell and against M. A. Stoltzfus individually for the sum agreed upon in settlement. Thus, a judgment of $25,000 was entered against M. A. Stoltzfus, although he had not only never been sued but the statute of limitations had actually run in his favor with respect to the claim some seven months before he was substituted for D. M. Stoltzfus & Son, Inc., as the party defendant.

The reason for Manufacturers' maneuver to obtain the substitution of M. A. Stoltzfus individually as the party defendant is not hard to fathom. M. A. Stoltzfus,

at the time of the accident, was covered not only by the insurance policy of Manufacturers issued to the Stoltzfus corporation but also by Goodville's policy to the Wertzes. Consequently, if Goodville could be subjected to liability because of its additional coverage of M. A. Stoltzfus, Manufacturers would have to pay only a pro rata share of any judgment entered against M. A. Stoltzfus. On the other hand, since D. M. Stoltzfus & Son, Inc., was covered only by Manufacturers' policy, that insurer would be obligated to pay, up to the limits of its policy, the entire amount of any judgment rendered against the Stoltzfus corporation.

Since D. M. Stoltzfus & Son, Inc., was not an insured under the Goodville policy and since M. A. Stoltzfus was belatedly substituted, *without notice to Goodville,* as the party defendant in the Bissell suit, Goodville cannot properly be held liable for any part of the judgment entered against M. A. Stoltzfus. The Goodville insurance policy to the Wertzes required, as a condition precedent to liability thereunder, that it be notified of any lawsuit instituted against "the insured", and Goodville was never notified of any lawsuit against M. A. Stoltzfus individually. The only lawsuits of which Goodville had been given notice were the suits against D. M. Stoltzfus & Son, Inc., which was not insured at any time under the policy which Goodville issued to the Wertzes.

Nor is Goodville liable for any part of the settlement entered into by Manufacturers with the O'Malleys on behalf of D. M. Stoltzfus & Son, Inc. In fact, substitution of M. A. Stoltzfus for the Stoltzfus corporation as a party defendant in the O'Malleys' case was never even attempted.

The court below having properly taken jurisdiction of the petition for declaratory judgment should have entered judgment for the defendant, Goodville Mutual Casualty Company, instead of dismissing the petition.

Accordingly, the record is remanded for reinstatement of the petition for declaratory judgment and for entry of judgment for the defendant, Goodville Mutual Casualty Company.