STATE OF MARYLAND to Use of
Charlesetta BROWN et al.,
Plaintiff,

v.

BETHLEHEM STEEL COMPANY,
Defendant and Third-Party
Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY
and
E. A. Gallagher & Sons, Third-Party
Defendants.

Civ. A. No. 26735.

United States District Court
E. D. Pennsylvania.

Oct. 13, 1961.

Philip H. Strubing, Philadelphia, Pa., for Bethlehem Steel Co.

Howard R. Detweiler, Philadelphia, Pa., for Continental Cas. Co. and E. A. Gallagher & Sons.

JOHN W. LORD, Jr., District Judge.

The present motion for partial summary judgment involves only two of the parties to this action, and is somewhat incidental to the cause itself. Explanation of the general nature of the entire controversy, however, is prerequisite to discussion of the instant motion.

This is an action brought by the administrator of a deceased truck driver who, as alleged in plaintiff's complaint, was killed while in the employ of Pinto Trucking Company of Philadelphia (hereinafter referred to as "Pinto"). In the course of his employment he was driving a tractor-trailer truck hauling rolls of sheet steel from the plant of the Bethlehem Steel Company (hereinafter referred to as "Bethlehem") at Sparrows Point in Baltimore, Maryland, to a customer not named in the complaint. The steel had allegedly been loaded on the Pinto truck by Bethlehem employees in a negligent manner. According to the allegations, that negligent loading caused the vehicle, while still in Maryland, to overturn during the course of the carriage of the sheet steel—which accident resulted in decedent's death.

Originally, the suit was brought against Sparrows Point Shipyards, Inc., but by stipulation of the parties the caption and complaint was amended to substitute Bethlehem as defendant. Following the filing of its answer, Bethlehem joined Continental Casualty Company (hereinafter referred to as "Continental"), insurer of Pinto (the aforesaid trucker, employer of deceased) as third-party defendant. In the third-party complaint, Bethlehem asserts that it is an assured under the terms of the Continental policy and is therefore entitled to a defense by Continental against plaintiff's claim. Further, Bethlehem demands from Continental indemnification against

any judgment which should result from plaintiff's claims.

The moving party, Bethlehem, as third-party plaintiff, moves for judgment that Continental, third-party defendant, is obligated to defend plaintiff's suit against Bethlehem and to reimburse Bethlehem for the expenses involved in the defense. It should be added that Bethlehem does not seek at this time a judgment on Continental's alleged duty to indemnify Bethlehem in the event of an adverse verdict.

Since the motion calls for summary judgment, it necessarily would require a finding that there is no substantial question of fact as to Continental's duty in this regard, and that Continental's duty is clear as a matter of law. Fed.R.Civ.P. 56(c), 28 U.S.C.A.

It is admitted in Continental's answer to Bethlehem's third-party complaint that, at all times pertinent to plaintiff's complaint, a comprehensive general automobile liability policy was in force between Pinto (also known as Delaware Cartage Company) as assured, and Continental as assurer. A copy of the policy was attached to the Bethlehem motion. It is shown that among the coverages provided by the policy are the following:

"I Coverage A—Bodily Injury Liability—Automobile

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile.

\*    \*    \*    \*    \*    \*

"III    Definition of Insured

"The unqualified word 'insured' includes the named insured and also includes * * * (2) under coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured."

The words "using" and "use" in the foregoing are a focal point of the disagreement at hand. Bethlehem says that *using* and *use* therein contemplate the delivery of steel products loaded by Bethlehem. Continental says the vehicle was *not* being used within the coverage of the policy—as will be seen hereinafter.

The following provision, says Bethlehem, requires Continental to defend the present type of suit against Bethlehem:

"II    Defense, Settlement, Supplementary Payments

"With respect to such insurance as is afforded by this policy, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

"[part (b), consisting of four numbered subsections concerning supplementary payments, is not presently concerned.]

\*    \*    \*    \*    \*    \*

and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy."

Although conceding that all conditions precedent to recovery under the terms of the policy have been satisfied, Continental denies liability on the ground that the vehicle, at the time of the occurrence which caused plaintiff's death, was being used *without* the coverage of the policy. In support of this contention it calls

attention to Endorsement Number Two of the Contract in question, which reads:

"It is agreed that such insurance as is afforded by the policy for bodily injury liability, for property damage liability and for medical payments applies with respect to the automobile described below or designated in the policy as subject to this endorsement, subject to the following provisions:

"1. The insurance with respect to any person or organization other than the named insured also does not apply, except with respect to an employee of the named insured, to any person or organization, or any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others (1) if the accident occurs while such automobile is not being used exclusively in the business of the named insured over a route the named insured is authorized to serve by federal or public authority."

Continental points to the following matters as undisputed facts in connection with the foregoing exclusion.

(A) Bethlehem's third-party complaint against third-party defendant E. A. Gallagher & Sons (hereinafter referred to as "Gallagher") shows that at the time of the accident in suit the vehicle covered by the policy of insurance was being used by a common carrier, Gallagher. Relating that circumstance to the first sentence of the quoted policy endorsement, such common carrier is, by definition, "engaged in transporting the property of others by automobile."

(B) The uncontroverted affidavit filed by Continental on August 23, 1961 in opposition to the Bethlehem motion, shows that at the time of the accident in suit the vehicle involved was not being operated "over a route the named insured [Pinto] was authorized to serve by federal or public authority". On the contrary, the affidavit says, the vehicle was being used exclusively on the business of Gallagher.

In short, the argument of Continental is that the uncontroverted facts show that the policy of insurance—upon which the motion rests entirely—had no force and effect as to the vehicle in question; the policy by its terms excluded use by common carrier (Gallagher) on a route not authorized for use by the assured, Pinto.

The movant says, in effect "True, perhaps, as to Gallagher—but not true as to Bethlehem. Bethlehem is not a common carrier, so the exclusionary clause cannot apply to it."

Continental argues, and for the purposes of the motion this Court agrees, that the foregoing circumstances do not insulate Bethlehem from the exclusion clause. Gallagher leased the insured vehicle, and Gallagher (a common carrier) was using the vehicle in violation of the policy. Gallagher's permission to Bethlehem to use the vehicle, during such time —when the vehicle has been by Gallagher's acts removed from coverage— did not, so to speak, reinstate the policy. Bethlehem's user, for the purposes of qualifying as within the insurance contract, could rise no higher than that of the lessee from whom Bethlehem derived its permission to use.

■■■ Therefore the situation does not appear to be one for summary judgment, since at this motion stage the moving party has not demonstrated to this Court that

"* * * the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" Fed.R. Civ.P. 56(c).

That is all which this order and opinion purport to decide. Bethlehem asks this Court to grant its motion for partial summary judgment. From the foregoing, it is apparent that the motion will be denied. The ruling herein, however, must not be interpreted as going beyond the scope of that motion.

In reaching the foregoing result, all points and authorities submitted by counsel have been considered. Bethlehem points out, for instance, that the duty of the insurance company to defend is determined by the allegations of the complaint. Wilson v. Maryland Casualty Company, 1954, 377 Pa. 588, 105 A.2d 304, 50 A.L.R.2d 449. The law of Pennsylvania is applicable. Faron v. Penn Mutual Life Insurance Company, 3 Cir., 1949, 176 F.2d 290. Neither proposition was controverted by Continental. Those principles, however—correct though they may be—do not suffice to authorize the relief asked by movant.

The cited opinion of Judge Van Dusen has also been carefully considered. Bethlehem Steel Company v. Continental Casualty Company, C.A. No. 24786, opinion filed May 6, 1959. The ruling of the United States District Court in that case concerned a motion for judgment on the pleadings on the ground that the complaint did not show that defendant was notified in writing of the accident. In the present motion, it is conceded that such conditions precedent had been complied with.

It is true that page 4 of the unreported decision considered whether from the pleadings there it appeared that the vehicle in that case was engaged in a use covered by the policy exhibited in those pleadings. It does not seem to this Court that such incidental ruling would govern the present case concerning a different contract. The fact that the parties in that case coincide with the parties in the present motion, and that the accident is said to be similar, are likewise in no way controlling.

Particular emphasis is laid by Bethlehem on Manufacturers Casualty Insurance Company v. Goodville Mutual Casualty Company, 1961, 403 Pa. 603, 170 A.2d 571. The insuring clause therein, as set out, was indeed similar to the corresponding standard clause as in the instant policy (heretofore quoted under the title of "I Coverage A—Bodily Injury Liability—Automobile. To pay on behalf of the insured all sums * * *").

In the Manufacturers Casualty case, insurer Goodville issued a policy of insurance covering an automobile and horse trailer owned by the assured, Wertz. Wertz loaned the trailer to Stoltzfus; Stoltzfus hired Wingenroth to haul the horse trailer.

On the Pennsylvania Turnpike, the truck and trailer got out of Wingenroth's control, crossed the medial strip, and collided with O'Malley's automobile. O'Malley and his passenger, Bissell, successfully sued Stoltzfus, who was insured by Manufacturers Casualty Insurance Co. The latter, plaintiffs in the case under discussion, assumed the defense of Stoltzfus, and requested Wertz' insurer, Goodville, to join in the defense.

The latter having refused, Manufacturers later brought suit against Goodville for contribution. Although the court below deemed the occurrence *not* one arising out of the ownership, maintenance or use of the automobile, the Supreme Court of Pennsylvania, Musmanno, J., held that the court below had incorrectly applied a proximate cause test. The horse trailer collision was *causally connected* and within the meaning of the policy clause "arising out of".

Accordingly, it was held that for the purpose of permissive use by Stoltzfus, as an individual, the Goodville policy coverage applied, and the court reasserted the principle that

"When the provisions of an insurance policy are vague or ambiguous, they must be construed strictly against the insurer and liberally in favor of the insured. Had the insurer desired to limit its liability to accidents with such a close causal connection * * * it could have and should have so stated in its policy. * * *" Manufacturers Casualty Insurance Company v. Goodville Mutual Casualty Company, 1961, 403 Pa. 603, 607, 170 A.2d 571, 573.

The clause last quoted distinguishes that case from the instant one, it is believed. In the contract of insurance issued by Continental, it must be assumed

that—in the terms of the Pennsylvania Supreme Court case—"the insurer desired to limit its liability * * * and * * * so stated in its policy."

The same sort of distinction applies to the cited case of Panhandle Gravel Company, Inc. v. Wilson, Tex.Civ.App.1952, 248 S.W.2d 779. It is conceded that the term "use" was given a broad reading there, and was extended to cover the trucks in the hands of an independent contractor. Such an interpretation of the word "use", however, is a matter considerably different from that at hand. Here, we are asked to rule that a specific exclusion clause so clearly does not apply that there is no issue to be tried.

On another general proposition, authorities are scarcely needed to document movant's point that insurance policies, when ambiguous, are to be liberally interpreted in favor of the insured. It is another matter, however, to say that an apparently *unambiguous* exclusion clause is so clearly inapplicable that there is no issue warranting a trial, and that the drastic procedure of summary judgment is justified. See Clayton v. James R. Clow & Sons, D.C.N.D.Ill.1957, 154 F.Supp. 108, 112.

The appropriateness of partial summary judgment, regardless of whether the insurer may eventually be required to indemnify, has been taken for granted. Discussion of the cases is therefore unnecessary, e. g. Pittsburgh Plate Glass Company v. Fidelity & Casualty Company of New York, 3 Cir., 1960, 281 F.2d 538; Clauss v. American Insurance Company, 3 Cir., 1961, 287 F.2d 873, affirming the decision of the late Judge Egan reported in D.C.E.D.Pa.1959, 175 F.Supp. 641.

Remedy aside, however, it is prerequisite that plaintiff first show that his claim comes within the general coverage of the policy. Warner v. Employers' Liability Assurance Corp., 1957, 390 Pa. 62, 66, 133 A.2d 231. At the very least, third-party plaintiff here has not made the preliminary showing necessary to warrant summary judgment.

For the foregoing reasons, it is the order of this Court that the motion for partial summary judgment of Bethlehem Steel Company, third-party plaintiff against Continental Casualty Company, third-party defendant be and the same is hereby denied and it so ordered.