## Howe v. Harleysville Insurance Companies

*Frank W. Mulderig*, for plaintiff.
*Raymond F. Lowery*, for defendant.

TOOLE, *J.*, July 10, 1978—On December 4, 1976, plaintiff, Charles James Howe (hereinafter referred to as Howe), was riding as a passenger in a 1961 Willy's Jeep Travelor in Bear Creek Township, Luzerne County, Pa. At approximately the same time and place, a hunter, walking in the area, fired a shot at a deer but unfortunately the shot missed its mark and struck the right leg of Howe while he was seated in the moving vehicle. On December 23, 1977, Howe filed a complaint in assumpsit seeking to recover basic no-fault benefits as an insured under an automobile policy issued by defendant, Harleysville Mutual Insurance Company (hereinafter referred to as Insurance Company).

The Insurance Company filed preliminary objections in the nature of a demurrer contending that the injury sustained by Howe was not the result of or caused by a motor vehicle accident as required by the Pennsylvania No-fault Motor Vehi-

cle Insurance Act[1] (hereinafter referred to as No-fault Act).

We are now called upon to determine whether or not the complaint states a cause of action upon which recovery can be granted. In other words, we are asked to determine whether Howe was a "victim" within the meaning and intent of the No-fault Act.

In seeking resolution of the present issue, our attention is directed to the following definitions in the No-fault Act:[2]

" 'Victim' means an individual who suffers injury *arising out of* the maintenance or use of a motor vehicle: . . . (Emphasis supplied.)

" 'Injury' means accidentally sustained bodily harm to an individual and that individual's illness, decease, or death resulting therefrom.

" 'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a motor vehicle, *occupying*, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include:

"(A)   Conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises; or

"(B)   Conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it."

---

1. Act of July 19, 1974, P.L. 489, sec. 101 et seq., 40 P.S. §1009.101.

2. Act of 1974, supra, sec. 103, 40 P.S. §1009.103.

It is clear that an accident occurred and that Howe sustained bodily harm. What remains to be determined is whether this is an injury "arising out of" the maintenance or use of a motor vehicle.

The phrase "arising out of" has been the subject of judicial construction and interpretation. However, the conclusions reached by the various courts which have considered the issue are not consistent. Some courts have concluded that the phrase means "proximately caused by." See Mattia v. Springfield Fire & Marine Ins., 25 D. & C. 2d 149 (1961); Kraus v. Allstate Ins. Co., 379 F. 2d 443 (1967); Ohio Farmers Ins. Co. v. Landfried, 348 F. Supp. 486 (1972).

In Manufacturers Casualty Ins. Co. v. Goodville Mutual Casualty Co., 403 Pa. 603, 170 A. 2d, 571 (1961), the Pennsylvania Supreme Court, construing a liability policy involving the phrase "arising out of," cogently stated:

"In Suburban Service Bus Co. v. National Mut. Casualty Co., 183 S.W. 2d 376, 378 (St. Louis Ct. of Appeals, Mo., 1944), it was said, 'The words "arising out of the use of the bus" are very broad, general, and comprehensive terms. The insurer made no attempt to limit the plain, usual, and ordinary meaning of the term "use." We find nothing in the policy requiring that the use of the bus shall be the direct and proximate cause of the injury. The words "arising out of the use of the bus" are much broader than words such as "directly and proximately caused by the use of the bus." '

"In American Fire & Casualty Co. v. Allstate Ins. Co., 214 F. 2d 523 (4th Cir., 1954), the owner of a Chrysler automobile, while towing his jeep, was involved in an accident with another automobile. Suit was instituted against him by two occupants of

the latter vehicle. The Chrysler and the jeep were insured by different companies. Both insurers participated in his defense, but the insurer of the jeep reserved a right to disclaim liability. After settlement of the suits and payment thereof by the insurer of the Chrysler, the insurer of the jeep disclaimed liability. The language of the policy which covered the jeep was identical with the language of the Goodville policy in the present case. The insurer of the Chrysler sued the insurer of the jeep for contribution. The court affirmed a judgment for the plaintiff, rejecting an argument that the Chrysler was solely responsible for the accident and holding that the accident was one 'arising out of the . . . use' of the jeep.

"When the provisions of an insurance policy are vague or ambiguous, they must be construed strictly against the insurer and liberally in favor of the insured. Had the insurer desired to limit its liability to accidents with such a close causal connection to the ownership, maintenance or use of the trailer as to be encompassed within the scope of proximate causation, it could have and should have so stated in its policy. Construed strictly against the insurer, 'arising out of' means causally connected with, not proximately caused by. 'But for' causation, i.e., a cause and result relationship, is enough to satisfy this provision of the policy. Unquestionably the trailer was in 'use' at the time of the accident, since it was being used for the very purpose of its existence, viz., to transport a horse. But for the fact of its being so used on this occasion, O'Malley's automobile would not have collided with it."

The No-fault Act was designed and passed to facilitate payment of basic benefits, without regard

to fault, to certain motor vehicle accident victims. As we know, vehicular accidents can result from contact of vehicle and vehicle, vehicle and pedestrian, or vehicle and non-vehicular property (i.e., striking a pole, or tree falling on vehicle, etc.). Certainly to the unsuspecting passenger, it makes no difference if his injuries are caused by a collision with another vehicle, a falling tree, a stationary pole, or a misfired bullet. In each case, the injury, damages and losses are the same. We see nothing in the act which supports or requires the conclusion that the legislature desired to restrict application of the No-fault Act to a particular type accident or that causation is a statutory prerequisite to recovery. In any event, we are satisfied that "arising out of" does not mean "proximately caused by," and that if a causal relation is required, the "but for" causation theory adopted in Manufacturers, supra, more properly reflects and promotes the spirit and letter of Pennsylvania's No-fault Act.

To paraphrase the Supreme Court in Manufacturers, supra, we are satisfied that had the legislature desired to limit the No-fault Act coverage to accidents with such a close causal connection to ownership, maintenance or use of a vehicle as to be encompassed within the scope of proximate causation, it could and would have so stated in the act.[3] We note that the legislature, in enacting the No-fault Act, specifically described those persons who were ineligible to receive no-fault benefits,[4] and we

---

3. See Act of 1974, supra, sec. 204(a)(4) and sec. 208(b).

4. Act of 1974, supra, sec. 208.

note that Howe does not fall within those descriptions. We are satisfied that having accidentally sustained bodily harm while occupying a motor vehicle, Howe satisfied all the statutory requirements for recovery under the No-fault Act.

Our construction and interpretation of the act will effectuate the intention of the General Assembly in passing the No-fault Act and facilitate payment of basic benefits to motor vehicle accident victims. We reject the arguments and contentions advanced by the insurance company because they would, in our opinion, be inconsistent with the stated purpose of the legislature. If the legislature desires to restrict the term "arising out of" to mean "proximately caused by," or to limit the act to particular type accidents, then such modification must come from the legislature and not from the court.

We conclude and declare that the statutory provisions of Pennsylvania's No-fault Act do cover and include this type of accident and afford a basis for recovery to Howe, who is clearly a "victim" within the meaning and intent of the No-fault Act.

Accordingly, we enter the following

## ORDER

It is hereby ordered and decreed that the preliminary objections filed by defendant are hereby overruled, and said defendant shall have the right to file a responsive pleading to the complaint within 20 days after date of receipt of a copy of this opinion and order.