601 A.2d 276

**Hugh J. SMITH, Jr. and Gertrude E. Smith, individually, and Hugh J. Smith, III, a minor, by Hugh J. Smith, Jr. and Gertrude E. Smith, Appellants,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 1991.

Decided Jan. 31, 1992.

Robert G. Leino, Eagleville, for appellants.

George J. McConchie, Michelle T. Wirtner, Media, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

PAPADAKOS, J., files a dissenting opinion.

PAPADAKOS, Justice, dissenting.

I must dissent to the disposition of this matter because in so doing the Majority has overlooked a well-established principle of law which I believe controls the outcome of this case.

At issue is the interpretation of the uninsured motorist provision of an automobile insurance policy. In pertinent part, the policy provides coverage to the insured for damages which are caused by the owner or operator of an uninsured motor vehicle which "arise out of the ownership, maintenance or use of the uninsured motor vehicle."

The facts which give rise to this case are that Hugh Smith, III (Appellant), a minor, along with his brother and two friends, were bicycling on a public highway in Gilbertsville, Pennsylvania, on October 25, 1985. They encountered a hayride being pulled by an uninsured motor vehicle, a tractor. As Appellant got closer to the wagon, one of the children on the haywagon threw hay into Appellant's face blinding him. Appellant then crashed into a tree and fractured his skull.

Appellant and his parents sued the driver of the haywagon and the passengers in the haywagon through their parents. In addition, they petitioned their insurer, United Services Automobile Association (Appellee), to arbitrate their claim for uninsured motor vehicle benefits. The petition was dismissed because the trial court concluded that the injury did not arise out of a "use of the uninsured motor vehicle." The Superior Court affirmed this conclusion and we granted the petition for allowance of appeal to address the propriety of this conclusion in light of the very general language of the insurance policy.

The lower courts and Appellee basically argue that the act of the minor passenger in the hayride was the cause of Appellant's injuries and that, therefore, the accident was not the result of the use of an uninsured motor vehicle. When dealing with this same policy language in the past, we have said that these words are very broad, general and comprehensive terms which, in effect, are vague and ambiguous. That being the case, our general rule of contact interpretation controls the disposition of this case and requires that such terms be construed strictly against the insurer and liberally in favor of the insured. *Manufacturers Casualty Insurance Co. v. Goodville Mutual Casualty Company*, 403 Pa. 603, 170 A.2d 571 (1961); *Bateman v. Motorists Mutual Insurance Co.*, 527 Pa. 241, 590 A.2d 281 (1991).

Here the question is whether the passenger's act of throwing hay at a passerby is one which arises out of the use of the haywagon. "Use" is a very broad term and

there is no attempt in the policy to limit the plain, usual and ordinary meaning of this all-inclusive term. Therefore, I would construe the term "use" strictly against the insurer and liberally in favor of the insured.

Consistent with our interpretation of identical policy language in *Manufacturers Casualty*, "arising out of the use" means causally connected with, not proximately caused by, as suggested by Appellee. "But for" causation, i.e., a cause and result relationship, is enough to satisfy this provision of the policy. There is no question that the uninsured motor vehicle was in "use" at the time of the accident and that but for the fact of its being so used on this occasion, Appellant would not have been injured.

Because I believe that this principle governing the interpretation of insurance contracts has been overlooked by the Majority, I dissent and would reverse the Opinion and Order of the Superior Court and remand so that Appellee can arbitrate Appellant's claims under the terms of the policy.