## Prudential Property and Casualty
## Insurance Company v. Cohen

*John I. Gordon,* for plaintiff.
*Charles Sovel,* for defendants.

BROWN, *J.,* April 4, 1995—On May 15, 1991, Paul A. Cohen and Gwen R. Cohen moved from 617 Belmont Avenue in Bala Cynwyd to 501 Craig Lane in Villanova. The Belmont Avenue property was insured under a homeowner's policy issued by Michigan Mutual Insurance Company.[1] On May 23, 1991, pursuant to an

---

1. The Michigan Mutual Insurance policy terminated May 23, 1991.

agreement of sale, the Cohens deeded the property to the present owners, Lance Roberts and his wife, Beth A. Mallozzi.

The Cohens insured their new Villanova property with the plaintiff, Prudential Property and Casualty Insurance Company. The initial term of the Prudential policy was May 15, 1991 to May 15, 1992.

On July 13, 1991, a 70 foot high black oak tree located in the front yard of the Belmont Avenue property fell across Belmont Avenue, landing on a Volkswagon Rabbit with four passengers. One of the passengers was killed and the others seriously injured.

The survivors, Jay Carr and Richard and Roberta Brunner, filed an action for damages and the estate of Katherine Huffhines filed a wrongful death and survival action on July 9, 1993. See *Carr v. Roberts,* docket no. 93-14157. The plaintiffs have sued 16 defendants, including the Cohens. According to the *Carr* complaint, the Cohens were negligent in disregarding the deteriorating condition of the tree during their prior ownership. (See *Carr* complaint, paragraph 16.)

On September 1, 1993, Prudential Property and Casualty Insurance Company filed this declaratory judgment action, asking us to declare that Prudential had no obligation to defend the Cohens in the *Carr* action. The Cohens filed an answer, new matter and counterclaim on October 27, 1993, asking for a declaration that Prudential provide them with a defense and be ordered to defend them as required by the terms of their "Homeowners 3000" policy. The Cohens also asked that Prudential be ordered to pay the costs, fees and expenses incurred in defending this action and the underlying civil action. Both sides submitted briefs and argument was held September 8, 1994.

"[An] insurer owes a duty to defend if the complaint against the insured alleges facts which would bring the claim within the policy's coverage if they were true." *D'Auria v. Zurich Insurance Co.,* 352 Pa. Super. 231, 235, 507 A.2d 857, 859 (1986).

The claim made against the Cohens in *Carr v. Roberts,* falls within the policy's general liability coverage. Section II Liability Coverages—Coverage E Personal Liability of the "Homeowners 3000" policy provides in the first paragraph of this section:

"If a claim is made or suit is brought against an *insured* for damages because of *bodily injury,* including *personal injury,* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

"(a) pay up to our *limit* for the damages for which the *insured* is legally liable; and

"(b) provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our *limit.*"

Section II (exclusions) 1. Coverage E states that personal liability coverage does

"... not apply to *bodily injury* or *property damage:* ...

"(d) arising out of premises: ...

"(1) owned by an *insured* ... that is not an *insured location.*"

Prudential argues: "Here, the accident clearly arose out of a premises that was owned by an insured but was not an insured location." The contention is that "premises owned" includes premises previously owned.

This assumes that "owned" is the past tense of the verb *to own* but in this context it refers not to past ownership but to premises possessed in the present. Owned is used in its possessive sense, not to connote the past tense.[2] See Webster's Third New International Dictionary Unabridged (1986). The Cohens did not own the Belmont Avenue premises at the time of the accident so exclusion 1.d(1) does not apply.

This is a general liability as well as a homeowner's policy, and except for the exclusions of section II it covers the Cohens for any liability incurred by them off the insured location as well as on. Coverage E does not limit coverage to an occurrence only on the insured premises. Coverage would surely be extended if the negligent act charged to the Cohens occurred on premises never owned by them, as for example, for activity on premises of a friend with whom they were visiting. Not only does the policy if properly read extend coverage under these circumstances, but there is no logical reason for the reading Prudential urges on us. Indeed, if Prudential in relying on the *-ed* in *owned* to exclude from coverage premises *previously owned* why does it not include as covered premises *presently owned* but not the *insured location?* If *owned* denotes the past tense then *presently owned* premises are not logically excluded under the 1.d(1) exclusion. But certainly the language of section II is not intended to cover *presently owned* premises which are not the *insured location.*

Prudential's next argument is that exclusion 1.d(1) applies because the initial term of the policy began

2. For example, note the use and meaning of *owned* in the sentence. "It behooves John Doe to protect himself from liability by insuring premises *owned* by him."

on May 15, 1991 when the Cohens still owned 617 Belmont Avenue. (Ownership of the property was not transferred until May 23, 1991.) The operative date, however, is the date of the accident, July 13, 1991 and on this date the Cohens were not owners of the property.[3]

Finally, Prudential claims the Cohens are not entitled to a defense because neither the Cohens nor Prudential contemplated this situation when the insurance contract was entered into, and thus the Cohens had "no reasonable expectation of the benefits they now seek." What either party contemplated is of no consequence. The plain language of the policy controls.

"The purpose of awarding declaratory relief is to finally settle and make certain the rights or legal status of parties." *Geisinger Clinic v. Di Cuccio,* 414 Pa. Super. 85, 104, 606 A.2d 509, 519 (1992). Section 7533 of the Declaratory Judgments Act, 42 Pa.C.S. §7531 et seq., provides in relevant part: "Any person interested under a ... written contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status, or other legal relations thereunder."

Section 7532 outlines the general scope of declaratory relief available under the Declaratory Judgments Act. This section specifically limits relief to a *declaration* of the "rights, status or other legal relations" of the parties. "The assessment of compensatory and punitive damages ... is clearly outside of the scope of the Declaratory Judgments Act." *Mueller v. Pennsylvania State*

---

3. The first condition of the "Homeowners 3000" policy states "this policy applies only to loss in section I or bodily injury, including personal injury, or property damage in section II, which occurs *during the policy period."* (p. 20.)

*Police Headquarters,* 110 Pa. Commw. 265, 274, 532 A.2d 900, 905 (1987). Section 7532 also states that "the declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

Where a plaintiff files a complaint for declaratory judgment and the court in its discretion finds such complaint meritless, judgment must be entered for the defendant.[4]

According to the language of the Cohens' Prudential homeowner's policy, the claim made against the Cohens in *Carr v. Roberts,* falls within the policy's general liability coverage.

## ORDER

And now, April 4, 1995, judgment is entered for Paul A. Cohen and Gwen R. Cohen and against Prudential Property and Casualty Insurance Company.

Prudential Property and Casualty Insurance Co. is hereby ordered to provide the defendants with a defense in *Carr v. Roberts,* as per the general liability section of "Homeowners 3000" policy. A decision re defendants' counterclaim to recover the costs, fees and expenses incurred in defending this action and the underlying civil action is deferred pending a hearing to determine plaintiff's liability for such costs, fees and expenses, and if liable, the extent of such liability. Such a hearing will be scheduled upon application by the defendants.

---

4. See *Manufacturers Casualty Insurance Co. v. Goodville Mutual Casualty Co.,* 403 Pa. 603, 107 A.2d 571 (1961) where the Supreme Court held that if a court reviewed a plaintiff's petition for a declaratory judgment and decided that the defendant was entitled to a judgment, it was error for the court to dismiss the petition. The record was remanded for the entry of judgment for the defendant.