

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2006

# Meridian Mutl Ins Co v. Cont Bus Ctr

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Meridian Mutl Ins Co v. Cont Bus Ctr" (2006). *2006 Decisions*. Paper 1312.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1312

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  05-2534

———————

MERIDIAN MUTUAL INSURANCE COMPANY,
n/k/a STATE AUTO INSURANCE COMPANY

v.

CONTINENTAL BUSINESS CENTER,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-01639)
District Judge: Hon. William H. Yohn, Jr.

———————

Submitted under Third Circuit LAR 34.1(a)
on March 9, 2006

BEFORE:  ROTH and ALDISERT, <u>Circuit Judges</u>
RODRIGUEZ*, <u>District Judge</u>

(Opinion Filed: April 5, 2006)

———————

    *The Honorable Joseph H. Rodriguez, Senior United States District Court Judge
for the District of New Jersey, sitting by designation.

---

OPINION

---

**ROTH,** Circuit Judge:

This is an appeal from the District Court's grant of summary judgment in favor of plaintiff, Meridian Mutual Insurance Company, in a suit for declaratory relief against defendant, Continental Business Center, stemming from Meridian's alleged failure to defend and indemnify Continental pursuant to the terms of an insurance policy. For the reasons stated below, we will affirm the decision of the District Court.

## I.     Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.

On May 15, 2001, a fire damaged the Continental Business Center, an industrial complex in Bridgeport, Pennsylvania, located on adjacent sides of the Schuylkill River. Numerous parties have sued Continental in connection with the spread of the fire. Specifically, at least seventeen related actions have been filed in the Court of Common Pleas of Montgomery County, Pennsylvania, against Continental stemming from the event. A common theme of Continental's alleged negligence in allowing the fire to spread through the complex runs through the complaints. These allegations of negligence

2

stem from Continental's violations of fire and building codes and failure to provide, *inter alia*, adequate fire protection, detection, suppression and prevention systems.

Little Souls, Inc., a tenant of Continental and victim of the fire, held a general liability insurance policy issued by Meridian Mutual Insurance Company. The lease agreement between Little Souls and Continental required Little Souls to acquire such coverage.[1] Also, pursuant to the lease agreement, Little Souls named Continental as an additional insured party on its general liability policy with Meridian.[2] The insurance policy between Little Souls and Meridian defined "Who is an Insured (Party)" as "[a]ny person or organization whom you (Little Souls) are required to name as an additional insured on this policy under a written contract or agreement."[3] According to the policy, an additional insured party was insured with respect to liability arising out of:

    (a)    Real Property you (Little Souls) own, rent, lease, or occupy;
    (b)    "Your work" for that additional insured for or by you.

On January 8, 2003, Continental informed Meridian of six of the underlying

---

[1] Little Souls is neither a party to this action nor is it named as a defendant in any of the underlying suits.

[2] The lease agreement stated, in pertinent part:
Lessee agrees that prior to occupancy of the demised premises, it shall submit to Lessor evidence of general liability insurance coverage in the sum of not less than One Million Dollars ($1,000,000.00). Said policy shall insure Lessee for any liability or injury caused by its agents, servants, workmen and/or employees, or anyone coming upon the demised premises. Said policy shall also cover damage caused to Lessor's property by reason of negligence and/or willful misconduct of Lessee or its agents, servants, workmen and/or employees. . . . Said policy shall name Continental Business Center as additional insured.

[3] The policy did not mention Continental by name.

3

complaints and requested defense and indemnification under the terms of the aforementioned policy. After some back and forth between the parties, Meridian filed the present action on April 14, 2004, seeking a declaratory judgment that it owes no duty to defend or indemnify Continental in connection with the fire. Continental filed a counterclaim seeking a declaratory judgment that Continental was an insured party under the policy and, consequently, is entitled to defense and indemnification from Meridian stemming from the fire.

On April 14, 2005, the District Court granted Meridian's Motion for Summary Judgment declaring that Meridian did not have a duty to defend or indemnify Continental. On May 5, 2005, the District Court granted Meridian's Motion for Summary Judgment dismissing Continental's counterclaims. This appeal followed.

## II.	Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and the matter involves corporate citizens of different states. We have appellate jurisdiction under 28 U.S.C. § 1291.

Our review of a grant of summary judgment is plenary. *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995). Also, the standard of review with respect to a district court's interpretation of an insurance policy is plenary. *N. Ins. Co. of New York v. Aardvark Assoc., Inc.*, 942 F.2d 189, 191 n.2 (3d Cir. 1991) (citing *Patterson v. Am. Bosch Corp.*, 914 F.2d 384, 387 (3d Cir. 1990)). To grant summary judgment, the District Court must find that there is no genuine issue of material

fact.  FED. R. CIV. P. 56(c).  The District Court must view the facts in the light most favorable to the nonmoving party and must make all reasonable inferences in that party's favor.  *Marzano v. Computer Sci. Corp.*, 91 F.3d 497, 501 (3d Cir. 1996).  Although entitled to all reasonable inferences, the nonmoving party must present more than a scintilla of evidence.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  Finally, the burden of establishing a valid policy claim falls upon the insured.  *Riehl v. Travelers Ins. Co.*, 772 F.2d 19, 23 (3d Cir. 1985).

## III.    Discussion

The District Court granted summary judgment in favor of Meridian on the ground that the policy limits Continental's coverage vis-à-vis the complaining tenants to claims "arising out of" real property Little Souls either owns, rents, leases or occupies, and Continental offered no evidence that the property that Little Souls leased had anything to do with the fire or, more specifically, the damage caused to the other tenants.

The Pennsylvania Supreme Court has defined "arising out of" in the insurance context to mean actual, rather than proximate, causation.  *Mfr. Cas. Ins. Co. v. Goodville Mut. Cas. Co.*, 170 A.2d 571, 573 (Pa. 1961).  Consequently, "'[b]ut for' causation, *i.e.*, a cause and result relationship, is enough to satisfy this provision of the policy."  *Id.*  This Court, however, has warned that under Pennsylvania law not every incidental factor that arguably contributes to an accident is a "but for" cause in the legal sense.  *U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co.*, 80 F.3d 90, 94 (3d Cir. 1996) (citing *Berry*

5

*v. Borough of Sugar Notch*, 43 A. 420 (Pa. 1899)).[4]

We agree with the District Court that Continental has failed to allege any connection, let alone causation, between the real property rented by Little Souls and the fire or the resulting damage. For example, Continental does not point to any underlying complaint alleging that the fire arose or spread due to the property rented by Little Souls.[5] Continental presents no evidence that "but for" Little Souls the fire would not have occurred or spread. As such, Continental fails to meet the causation requirements of *Manufacturers Casualty Insurance Company*. 170 A.2d at 573. Consequently, as the District Court held, "the argument that a fire starting on the other side of the Schuylkill River and eventually spreading across the river to the Little Souls property 'arose out of' that property is totally devoid on any arguable merit." *Meridian Mut. Ins. Co. v. Cont'l Bus. Ctr.*, 2005 U.S. Dist. LEXIS 6406 *25 (E.D. Pa. 2005). As such, Meridian has no duty to defend or indemnify Continental.

---

[4] Although *U.S. Underwriters Insurance Company* was about the interpretation of the Pennsylvania Motor Vehicle Financial Responsibility Law, the panel, consistent with Pennsylvania courts, analogized to cases in the insurance field such as *Manufacturers Casualty Insurance Company*. *U.S. Underwriters Ins. Co.,* 80 F.3d at 93.

[5] Continental argues that the District Court's reliance on the dog that did not bark, *i.e.*, the fact that the complaints fail to mention Little Souls, constitutes legal error because the Court relied on evidence outside the four corners of the underlying complaints. This argument fails for two reasons. First, Pennsylvania law permits consideration of evidence outside the complaint. *See*, *e.g., Germantown Ins. Co. v. Martin*, 595 A.2d 1172 (Pa. Super. Ct. 1991) (taking extrinsic evidence of intent into account). Second, Continental has the burden of establishing coverage; therefore, it is illogical to reward Continental for its failure to meet its burden.

**IV.    Conclusion**

As Continental has failed to show that it is covered under the insurance policy, we agree with the District Court's conclusions and will affirm the District Court's grant of summary judgment for Meridian. Accordingly, we will also affirm the District Court's dismissal of Continental's counterclaims.