NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1431
_____

REPUBLIC FRANKLIN INSURANCE COMPANY, a/s/o Paul H. Lamb, t/a Lamb's
Auto Service Coatesville Shell

v.

BRETHREN MUTUAL INSURANCE COMPANY,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-18-cv-05300)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted under Third Circuit LAR 34.1(a)
September 29, 2020

Before:  SHWARTZ, PHIPPS, and SCIRICA, *Circuit Judges*.

(Filed:  October 6, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PHIPPS, *Circuit Judge*.

This insurance coverage dispute stems from a customer's slip-and-fall in a gas station parking lot in Honey Brook, Pennsylvania. The owner of the gas station and the parking lot, Paul Lamb, insured those properties through Republic Franklin Insurance Company. Lamb leased the gas station – but not the parking lot – to Dharmesh and Popat Bhalala, who co-owned Shree Ram Enterprises, LLC, which operated the gas station and associated convenience store. Shree Ram insured the gas station / convenience store through a policy with Brethren Mutual Insurance Company. That policy included an endorsement naming Lamb as an additional insured, subject to a critical limitation: Lamb was covered "only with respect to liability *arising out of* the ownership, maintenance or *use* of that part of the premises leased to [Shree Ram]." Endorsement at 1 (JA43) (emphasis added).[1]

The scope of that additional coverage is the core of this dispute. After both insurers agreed to pay for the slip-and-fall injuries, Republic Franklin initiated this lawsuit against Brethren Mutual for reimbursement of its $175,000 payment to the injured customer on Lamb's behalf. Republic Franklin claimed that Brethren Mutual owed that sum due to Lamb's status as an additional insured on Shree Ram's policy. Both parties moved for summary judgment. In exercising diversity jurisdiction,

---

[1] Although Shree Ram's identified policy with Brethren Mutual was effective only from March 29, 2016, to March 29, 2017, neither party disputes that this policy – or a prior policy with identical provisions – covered the February 10, 2016 slip-and-fall accident.

*see* 28 U.S.C. § 1332, and applying Pennsylvania law by consent of the parties, the District Court entered judgment for Republic Franklin for the disputed amount.

Brethren Mutual timely appealed that final order, arguing that the slip-and-fall injuries did not *arise out of* the *use* of the leased premises. In exercising appellate jurisdiction, *see* 28 U.S.C. § 1291, and upon *de novo* review, we will affirm the judgment of the District Court for the reasons below.

The sole issue in this case concerns the scope of coverage provided by the additional insured endorsement. In relevant part, that document provides coverage for liability arising out of the use of the leased premises, which Shree Ram operated as a gas station / convenience store. Under Pennsylvania law, in the context of an insurance policy, the phrase "arising out of" means "causally connected with, not proximately caused by," and "'[b]ut for' causation, i.e., a cause and result relationship, is enough to satisfy this provision." *Mfrs. Cas. Ins. Co. v. Goodville Mut. Cas. Co.*, 170 A.2d 571, 573 (Pa. 1961); *see also Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 391 (3d Cir. 2012). With that understanding, the question becomes whether the use of the leased premises was a 'but for' cause of the customer's slip-and-fall.

The answer to that question, based on the undisputed facts in the record, is yes. The use of the property as a gas station / convenience store depended on customers' ability to ingress and egress through the attached parking lot – even though Shree Ram's lease did not extend to the parking lot. Here, the customer slipped and fell in the parking lot after exiting the store. And while "[not] every incidental factor that arguably

3

contributes to an accident is . . . a 'but for' cause in the legal sense," *U.S. Underwriters*

*Ins. Co. v. Liberty Mut. Ins. Co.*, 80 F.3d 90, 94 (3d Cir. 1996), the customer's patronage

of the store and her egress to the parking lot share more than an incidental causal nexus.

Because the customer would not have slipped in the parking lot but for her patronage of

the gas station and store, her injuries arose out of the use of the leased premises.  Thus,

this incident falls within the coverage provided by the additional insured endorsement,

and we will affirm the District Court's judgment in favor of Republic Franklin.