434 A.2d 747

Herby EICHELBERGER

v.

Vivian Lee WARNER

v.

Leroy C. RICE, Administrator of the Estate of Dava C. Rice, Deceased,

v.

VALLEY MUTUAL INSURANCE COMPANY and Federal Kemper Insurance Company.

Appeal of FEDERAL KEMPER INSURANCE COMPANY.

Herby EICHELBERGER

v.

Vivian Lee WARNER, Appellant,

v.

Leroy C. RICE, Administrator of the Estate of Dava C. Rice, Deceased,

v.

VALLEY MUTUAL INSURANCE COMPANY and Federal Kemper Insurance Company.

Superior Court of Pennsylvania.

Argued March 3, 1980.

Filed Sept. 4, 1981.

270

David C. Eaton, Harrisburg, for appellant (at No. 247) and for appellee (at No. 248).

Allen H. Smith, Wrightsville, did not file a brief on behalf of Eichelberger, appellee.

Clyde W. McIntyre, Harrisburg, for appellant (at No. 248) and for appellee (at No. 247).

Leroy C. Rice, appellee, in pro. per.

William A. Addams, Carlisle, for Valley Mutual, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

This case initiated in an unfortunate traffic accident in which one person was killed and two were injured. One of those injured was Herby Eichelberger, who filed a cause of action against Vivian Lee Warner, the driver of one of the two vehicles. Warner joined as additional defendant Leroy C. Rice, administrator of the estate of Dava C. Rice, deceased, who operated the second vehicle and was killed in this accident. The jury found in favor of Eichelberger and against both defendants. Warner paid the full amount of the award to Eichelberger and took an assignment of the judgment. At the time of the accident, Dava Rice was carried under two insurance policies—a homeowner's policy issued by Valley Mutual Insurance Company and an automobile insurance policy issued by Federal Kemper Insurance Company. Warner praeciped for a writ of execution against both insurers and subsequently filed a motion for summary judgment against both insurers as garnishees. The court below granted Warner's motion for summary judgment against Federal Kemper and denied summary judgment against Valley Mutual. From this ruling Vivian Warner and Federal Kemper appeal. Valley Mutual filed a brief as appellee. The essential issue in this appeal is whether one, or both insurance policies cover the liability of Rice. We conclude that based on the particular facts of the instant case, Rice was covered under both insurance policies, and we, therefore, affirm in part and reverse in part the lower court's decision.

The instant case presents the following facts: On November 3, 1974, Dava Rice was driving her automobile in which her sister, Linda Junk, was a passenger. The two women were traveling south on Route 34 near Carlisle, Pennsylva-

nia, when their vehicle stopped for an unknown reason, although Linda believed that it had run out of gas. Dava parked the car as far to the right side of the road as it would go without hitting the guardrail. However, the berm was not wide enough to accommodate the entire car leaving it partly on the highway. The two women then walked to a gas station and returned a short time later with a can of gas. Two "good samaritans", Brian Magaro and Herby Eichelberger, stopped to see if they could be of assistance. Immediately prior to the accident, all four persons were generally assembled at the rear of the Rice vehicle. While the two men were doing this, Dava Rice was standing slightly on the highway behind her vehicle with her back to oncoming southbound traffic. At that moment a car driven by Vivian Lee Warner was traveling in the southbound lane and was approaching the Rice car. According to Warner's testimony, when she was approximately two car lengths from the Rice vehicle, and about to pass the disabled Rice vehicle, Dava Rice suddenly stepped backwards and to her left, placing her in front of the right front headlight of the oncoming Warner vehicle. Warner struck Rice, who was a few feet from her car, and lost control of her vehicle running into the rear of the Rice automobile. Dava Rice was killed, Brian Magaro sustained serious injuries, Herby Eichelberger was also injured although less seriously and Linda Junk escaped unharmed.

At trial the jury found both Warner and Rice to have been negligent, and this verdict is not now disputed. Rather, we are asked in this appeal to construe the provisions of two insurance policies held by Rice.

■ We first turn our attention to the relevant provisions of the automobile policy held with Federal Kemper. In this policy, Federal Kemper agrees:

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

(a) bodily injury, sickness or disease, including death therefrom, hereinafter called 'bodily injury'; sustained by any person;

. . . . .

arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile....

Federal Kemper argues that its policy does not cover Rice's liability because the accident was caused by a bodily movement unrelated to the ownership, maintenance or use of the owned automobile. As did the court below, we reject this argument.

Before interpreting this policy, it must be noted that the general rule of construction used by the courts when interpreting an insurance policy is that an insurance policy is to be construed most strongly against the insurer and liberally in favor of the insured to effect the policy's dominant purpose of indemnity or payment to the insured where the terms of the policy are ambiguous or uncertain and the intention of the parties is unclear. *Mohn v. American Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974); *Burne v. Franklin Life Ins. Co.*, 451 Pa. 218, 301 A.2d 799 (1973); *Penn-Air, Inc. v. Indemnity Ins. Co. of North America*, 439 Pa. 511, 269 A.2d 19 (1970). Accordingly, in *Manufacturers Casualty Insurance Co. v. Goodville Mutual Casualty Co.*, 403 Pa. 603, 170 A.2d 571 (1961), the Supreme Court construed the words "arising out of", as used in an automobile insurance policy, to mean "causally connected with" and not "proximately caused by." On this point the Court said:

When the provisions of an insurance policy are vague or ambiguous, they must be construed strictly against the insurer and liberally in favor of the insured. Had the insurer desired to limit its liability to accidents with such a close causal connection to the ownership, maintenance or use [of the motor vehicle] . . . as to be encompassed within the scope of proximate causation, it could have and should have so stated in its policy. Construed strictly against the insurer, 'arising out of' means causally connected with, not proximately caused by. 'But for' causation, i. e., a cause

and result relationship, is enough to satisfy this provision of the policy.[1]

*Id.*, 403 Pa. at 607–08, 170 A.2d at 573.

At the time of the accident, the Rice vehicle had run out of gas and Dava Rice was being assisted in refueling her vehicle. Our Supreme Court had held that "maintenance" as used in the context of an automobile insurance policy includes all acts which come within the ordinary scope and meaning of the word. *Morris v. American Liability & Surety Co.*, 322 Pa. 91, 185 A. 201 (1936). Accordingly, as one court said, "It appears inescapable that the replacement of fuel which has been exhausted with use and without which a motor vehicle in inoperative, is a species of maintenance . . . ." *State Farm Mutual Insurance Co. v. Pan American Insurance Co.*, 437 S.W.2d 542, 545 (Tex.1969). Federal Kemper, nonetheless, argues that Dava Rice's negligent act of stepping in the path of an oncoming car is not "causally connected" with the ownership, maintenance, or use of her vehicle. We also reject this contention. As noted above, the Supreme Court in *Manufacturer's Casualty* held that a cause and result relationship is enough to satisfy the "arising out of" provision of an automobile insurance policy. In the instant case, had not the Rice vehicle run out of fuel, Dava Rice would not have been standing on the highway waiting while Herby Eichelberger poured gasoline into her car. It cannot be said that Dava Rice's negligent act of stepping in front of an oncoming car was so remote from the ownership, maintenance or use of her vehicle as to be unconnected with them. Therefore, we affirm the lower court's decision on this point.

We turn now to the provisions of the "homeowner's" policy which Dava Rice held with Valley Mutual. This policy provided broad general liability coverage in the following terms:

1. *Accord O'Dwyer v. Manchester Ins. Co.*, 303 So.2d 347 (Fla.App. 1974); *Oakridge Community Ambulance Service, Inc. v. U.S. Fidelity & Guaranty Co.*, 278 Or. 21, 563 P.2d 164 (1977). *Jamestown Mutual Insurance Co. v. General Accident, Fire & Life Assurance Corp.*, 66 Misc.2d 952, 322 N.Y.S.2d 806 (1971).

This company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies caused by an occurrence.

An "occurrence" is defined in the policy as "an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage." There are, however, exclusions to this broad, general liability insuring agreement of Valley Mutual. One of these exclusions reads:

This policy does not apply

(1) under coverage E—personal liability...

a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(2) any motor vehicle owned or operated by or rented or loaned to any insured....

Vivian Warner argues that when this exclusion is read strictly against the insured, this exclusion does not apply to Dava Rice's act of negligently stepping in front of the Warner vehicle. In view of the different canons of construction applied to exclusionary clauses as distinguished from coverage clauses, under the facts of the instant case, we agree with Warner's argument.

■ As previously noted, coverage clauses are interpreted broadly so as to afford the greatest possible protection to the insured. *Mohn v. American Casualty Co. of Reading, supra; Penn-Air, Inc. v. Indemnity Ins. Co. of North America, supra.* Exceptions to an insurer's general liability are accordingly to be interpreted narrowly against the insurer. *Penn-Air, Inc. v. Indemnity Insurance Co. of North America, supra; Miller v. Prudential Ins. Co. of America,* 239 Pa.Super. 467, 362 A.2d 1017 (1976); *Celley v. Mutual Benefit Health and Acc. Ass'n,* 229 Pa.Super. 475, 324 A.2d 430 (1974). These rules of construction are necessary because, as this court has noted, insurance policies are in essence contracts of adhesion. *Ranieli v. Mutual Life Ins. Co. of*

*America*, 271 Pa.Super. 261, 413 A.2d 396 (1979). Because of these canons of construction, it must be emphasized that a homeowner's policy and an automobile policy are not necessarily mutually exclusive. *See State Farm Mutual Automobile Insurance Company v. Partridge*, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973). (Even though inclusionary clause of homeowner's policies and exclusionary clause of automobile insurance policies held by the insured had both been issued by the same insurer and contained nearly identical language, such policies were held not to be mutually exclusive.) As one treatise states:

> [S]ome courts and writers have confused further the problem of the use of the automobile with the exclusionary clauses of the homeowner personal comprehensive liability and general liability policies. They have focused attention on the exclusions rather than on the insuring agreements. *The insuring agreements of the policies are not the same. The automobile policy agrees to pay all damages '* * * arising out of the * * * use of the automobile'* whereas *the general liability policy agrees to pay all damages '* * * arising out of an occurrence'*. The exclusion of the general liability policy seems to suggest that if the loss arises out of the 'use' of an automobile away from the premises it is excluded. However, such a view ignores the insuring agreement on the different policies, and the fact that *one focuses on an occurrence and the other on the automobile. And they are not mutually exclusive.* The court has a legitimate interest in determining whether the use of the automobile was the 'occurrence' which produced the liability. Clearly, *if the 'use' of the automobile was only incidental to the event that produced liability it should not be an excluded event under homeowner or general liability policies.* And, as a California court has stated, the courts will give broad construction to the coverage provisions but strict construction to the exclusions. Thus, there are cases that provide coverage under the homeowner's policy in the absence of a causal connection between the use of the vehicle and the accident.

The exclusions of the general liability and homeowner policies and the insuring agreement of the automobile policy are not mutually exclusive and recovery can be had under both policies.[2]

■ Appellant Warner argues that even though Rice's negligence can be said to be casually connected with the ownership, maintenance or use of her auto for purposes of the inclusionary clause in the automobile policy at issue, for purposes of the exclusionary clause in the homeowner's policy the proximate cause of the accident was, in addition to the negligence of Warner, Rice's non-auto related, negligent conduct as a pedestrian. We agree.

In *Partridge*, the Supreme Court of California was asked to construe the same language as that which is now before our Court—i. e., "arising out of the use" of an automobile. As in the case *sub judice*, this language in *Partridge* was contained in both the inclusionary clause of an automobile policy held by the insured and in the exclusionary language of the homeowner's policy. The *Partridge* court said:

> In view of the [different canons of construction] the fact that an accident has been found to 'arise out of the use' of a vehicle for purposes of an automobile policy is not necessarily determinative of the question of whether that same accident falls within the similarly worded exclusionary clause of a homeowner's policy. (citations omitted).

*State Farm Mutual Automobile Company v. Partridge*, 10 Cal.3d at 102, 109 Cal.Rptr. at 816, 514 P.2d at 128.

In *Partridge*, the Court was faced with a situation where the insured had committed two negligent acts which jointly caused the accident. The insured in *Partridge* had modified a gun by filing the trigger so that it had a "hair" trigger. The insured took this gun with him in his vehicle when he went to hunt jackrabbits. At the time of the accident, the

2. 7A Appleman, Insurance Law and Practice, § 4500 (1979) (emphasis added).

insured intentionally drove his vehicle off the paved road and onto the bumpy terrain. The gun accidently discharged, injuring the passenger. The issue in *Partridge* was whether the insured's homeowner's policy, in addition to the insured's automobile policy, covered this accident. We recognize that the *Partridge* case is factually different from the instant case and that the court did find that both policies covered the accident for the reason that there were two joint causes to the accident—one auto-related and one non-auto related. Nonetheless, it should be noted that the *Partridge* Court said that "liability under the homeowner's policy could possibly be predicated upon the ambiguity of the exclusionary clause in the context of the instant accident. . . ." *Id.* at 102, 109 Cal.Rptr. at 817, 514 P.2d at 129. Such an ambiguity exists under the facts of the present case. The exclusionary clause, although it says that the policy does not apply to bodily injury "arising out of" the ownership, etc., of any motor vehicle, does not state whether such injury must be proximately caused by the auto or simply causally connected with the auto. As previously indicated, our Supreme Court in *Goodville*, relying on the rule that insurance policies are to be strictly construed against the insurer, ruled that for an inclusionary clause, the words "arising out of" the use of an automobile meant causally connected with such use. In keeping with the rule of construction used in *Goodville*, we hold that for purposes of an *exclusionary* clause, when the words "arising out of" the use of an automobile are read strictly against the insurer, then it must be concluded that this clause acts to exclude only those injuries which are proximately caused by the automobile. This interpretation is consistent with the general rule that insurance policies are read to effect the policy's dominant purpose of indemnity or payment to the insured.

Accordingly, we affirm the lower court's decision granting Warner's motion for summary judgment against Federal Kemper and reverse the lower court's denial of Warner's motion for summary judgment against Valley Mutual and

thus in effect find coverage for Warner under both the Federal Kemper and Valley Mutual policies.

WATKINS, J., dissents.