## La Coe v. Valley Forge Insurance Co.

*Scott A. Herlands,* for plaintiff.
*James M. Scanlon,* for defendant.

COTTONE, *J.,* August 7, 1984—This matter is before the court by way of plaintiff's motion for declaratory judgment against defendant, Valley Forge Insurance Company. Plaintiff, Jeffrey LaCoe, seeks to have defendant-insurance company represent his interest in a lawsuit filed against him by one George Martin Walsh and Karen Lee Walsh, his wife. An evidentiary hearing was held before this court on May 21, 1984, and the following facts were established.

Plaintiff in the instant action is a full-time employee at a local manufacturing plant. Prior to the below-described accident which gave rise to this litigation, LaCoe had cut tree tops for individuals. The arrangement on each occasion was that plaintiff would cut the individuals' trees for free, but would be allowed to keep the resulting wood. After the trees were cut, plaintiff would load the wood onto his truck and take it to his property where he would age it in preparation for using it for firewood. Plaintiff testified on re-direct examination that he sold this wood on four occasions. However, the more common practice was for plaintiff to use this wood for his own heating purposes. Plaintiff also testified that he did not sell any wood after the below-described accident. On the four occasions plaintiff would sell the wood, he would deliver it to the customers. Plaintiff grossed approximately $200 from these four sales charging $50 per cord of wood.

Plaintiff never advertised that he had wood for sale, nor did he actively solicit customers. Plaintiff testified that the fact he had wood for sale simply spread by word of mouth and customers would call

him. He testified that he sold the wood by the cord because it was illegal to sell wood in any other way.

On October 22, 1981, plaintiff, Jeffrey LaCoe, was on the property of Kevin Walsh at 1821 McDonough Avenue, Scranton, Lackawanna County, Pa. Plaintiff was on said property for the purpose of cutting trees having agreed with Kevin Walsh to do so. Plaintiff was to cut the trees at no charge, but would be allowed to keep the wood. Plaintiff testified he intended to use this wood for his personal use, rather than selling it. As plaintiff was working, one tree became "caught up" in the branches of other trees. In an effort to separate the tree from these branches and pull it to the ground, plaintiff attached one end of a chain to the severed tree and the other end to his truck. Plaintiff slowly moved the truck forward and the tree fell to the ground. During this process, the falling tree allegedly struck and injured the aforesaid George Martin Walsh, a plaintiff in the action against Mr. LaCoe. Mr. Walsh was apparently standing on the property of Mr. James Davis at 1825 McDonough Avenue, the adjacent property, at the time of this incident.

The insurance policy issued by defendant excluded coverage for personal liability "arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured." The initial question to be answered is whether plaintiff's activity of cutting tree tops and then using the wood for his own purposes and occasionally selling such wood may properly be characterized as a "business pursuit."

When the insurer seeks to disclaim coverage under an insurance policy by invoking an exclusionary provision it bears the burden of proving that the exclusion is applicable to the particular case. Weissman v. Prashker, 405 Pa. 226, 175 A.2d 63

(1961); Myrtil v. Hartford Fire Insurance Company, 510 F. Supp. 1199 (E.D. Pa. 1981). Also, exceptions to the coverage provided to the insured are to be strictly construed against the insurer. Frisch v. State Farm Fire & Casualty Co., 218 Pa. Super. 211, 275 A.2d 849 (1975).

Our research reveals that there are no Pennsylvania cases discussing the "business pursuit" exception. However, it appears that a majority of the jurisdictions which have addressed this issue have employed a two-prong test.* This two-prong analysis requires that there be some manner of continuity to the activity and, secondly, that there be a profit motive. As was stated more fully in State Mutual Cyclone Insurance Company v. Abbot, 52 Mich. App. 103, 216 N.W. 2d 606, 608 (1974):

"To constitute a business pursuit, there must be two elements: first, continuity, and, secondly, the profit motive; as to the first, there must be a customary engagement or a stated occupation; and, as to the latter, there must be shown to be such activity as a means of livelihood, gainful employment, means of earning a living, procuring subsistence or profit, commercial transactions or engagements."

We note that the cases employing the above test are very fact sensitive and each case must be care-

---

*Indicative of the jurisdictions adopting the two-prong analysis are: Randolph v. Ackerson, 108 Mich. App. 746, 310 N.W. 2d 865 (1981); Riverside Insurance Company v. Kolonich, Mich. App. , 329 N.W. 2d 528 (1982); Fadden v. Cambridge Mutual Fire Insurance Company, 51 Misc. 2d 858, 274 N.Y.S. 2d 235 (1966). For a detailed article on interpretation of the business pursuits exclusions, see Anno: Construction and Application of "Business Pursuits" Exclusion Provision in General Liability Policy, 48 A.L.R. 3d 1096 (1973). See also, Couch on Insurance 2d (Rev. Ed.) §44A:108.

fully scrutinized. In the case sub judice, we feel that defendant-insurance company has failed to meet its burden.

Prior to the accident, plaintiff testified that he had been cutting wood for approximately a year and a half. Although it is unclear exactly how many times plaintiff had actually cut wood for other people, it is clear that he only sold the wood on four occasions. Furthermore, the purchasers approached plaintiff and asked him to sell them the wood. Although this fact is not controlling, we note that plaintiff was employed as a full time production worker at a manufacturing plant. The fact that plaintiff did sell the wood on four occasions over an 18-month-period indicates sporadic and isolated activity, rather than a continuous business pursuit. Therefore, under a totality of the circumstances analysis, we hold that plaintiff's actions are not continuous within the meaning of State Mutual Cyclone Insurance Company v. Abbot, supra.

We also feel that the evidence has not shown that Mr. LaCoe was engaged in wood cutting for a profit. It appears that he merely accommodated four persons over a period of 18 months by supplying wood to them. Since Mr. LaCoe's actions were not continuous and he did not have a profit motive, we hold that he was not involved in a business pursuit as described in the exception clause of the insurance policy.

Defendant also argues that coverage is excluded because the accident arose out of the use of a motor vehicle. The homeowners insurance policy in question excluded coverage for injuries "arising out of the ownership, maintenance, use, loading or unloading of . . . a motor vehicle." Defendant-insurance company argues that any alleged injuries sustained by George Martin Walsh were incident to the

use of a motor vehicle and, therefore, the exclusionary clause is applicable. We do not agree.

As previously noted, exceptions to the insurer's general liability are to be interpreted narrowly against the insurer. Miller v. Prudential Ins. Co. of America, 239 Pa. Super. 467, 362 A.2d 1017 (1976). These rules of construction are necessary because insurance policies are, in essence, contracts of adhesion. Eichelberger v. Warner, 290 Pa. Super. 269, 434 A.2d 747 (1981).

The Superior Court of this Commonwealth had recently noted:

"As previously indicated, our Supreme Court in *Goodville*, relying on the rule that insurance policies are to be strictly construed against the insurer, ruled that for an inclusionary clause, the words 'arising out of' the use of an automobile meant causally connected with such use. In keeping with the rule of construction used in *Goodville,* we hold that for purposes of an *exclusionary* clause, when the words 'arising out of' the use of an automobile are read strictly against the insurer, then it must be concluded that this clause acts to exclude only those injuries which are proximately caused by the automobile. This interpretation is consistent with the general rule that insurance policies are read to effect the policy's dominant purpose of indemnity or payment to the insured." (Emphasis in original.) Id. at 278, 434 A.2d at 752.

We do not believe that the proximate cause of Walsh's alleged injuries was the movement of the truck. Indeed, we hold that the use of the truck was merely incidental to the accident. Any injuries sustained by George Martin Walsh were caused by the act of cutting trees and not the movement of the truck. See also, State Farm Mutual Automobile In-

surance Company v. Partridge, 10 Cal. 3d 94, 109 Cal. Rptr. 811, 514 P.2d 123 (1973).

Plaintiff, Jeffrey LaCoe, also seeks to have defendant reimburse him for reasonable attorney fees. It is clear that "an insured who is compelled to bring a declaratory judgment action to establish his insured's duty to defend an action brought by a third party may recover his attorney fees incurred in the declaratory judgment action if the insured has, in bad faith, refused to defend the action brought by the third party." Kelmo Enterprises, Inc. v. Commercial Union Insurance Company, 285 Pa. Super. 13, 24, 426 A.2d 680, 685 (1981) (Footnote omitted). We can discern no bad faith on the part of defendant and, therefore, will deny plaintiff's request for reasonable attorney fees. As noted previously, there are no Pennsylvania cases discussing the "business pursuits" exclusion. Defendant was entitled to assert the strong and well-reasoned argument that coverage should be denied.

## ORDER

And now, this August 7, 1984, it is hereby ordered that defendant, Valley Forge Insurance Company, is obligated to defend and/or indemnify plaintiff herein, Jeffrey LaCoe, in the action filed to 82 Civ. 0066.