# Employers Insurance of Wausau v. Nationwide Mutual Automobile Insurance Co.

*Richard E. Bordonaro,* for plaintiff.
*George Joseph,* for defendant.

PFADT, *J.,* March 13, 1985—Plaintiff, Employers Insurance of Wausau, and defendant, Nationwide Mutual Automobile Insurance Company, are before the court on cross-motions for summary judgment. The controversy arises from a disagreement over which insurance company is responsible for payment of no-fault benefits to an accident victim. All material facts of the case have been stipulated to by the parties.

On December 1, 1979, Mark S. Sobek was the driver of a 1975 Dodge Tradesman B-200 van when he slid off the road and became lodged in a snow filled ditch on Cherry Street Extension in Millcreek Township, Pa.. Mark Sobek exited the vehicle, uninjured, and began walking along the road in-

tending to seek out assistance from a nearby friend. Approximately one-tenth of a mile from the van, Mark Sobek was struck by a 1979 Malibu driven by Eric A. Petersen.

Mark Sobek paid for the van and was solely responsible for its maintenance and use. However, Mark's father, Edward R. Sobek, held title to the vehicle in his name, and was the named policyholder of insurance providing no-fault benefits issued by defendant Nationwide.

Eric A. Petersen was insured under a policy of insurance providing no-fault benefits issued by plaintiff Wausau to Scott Paper Company, the employer of Mr. Petersen and the owner of the 1979 Chevy Malibu. Medical and work loss benefits totaling $11,988.39 were paid to Mark Sobek under Wausau's policy with Scott Paper.

Wausau is now arguing that Nationwide should be the responsible carrier and seeks total reimbursement plus attorney's fees. Two issues are thus presented for our determination: (1) whether Mark Sobek is properly covered by Nationwide's policy with Edward Sobek; and if so, (2) whether Mark Sobek's injuries could be said to have arisen out of the "use" of the van thereby making Nationwide primarily responsible for providing no-fault benefits.

According to the stipulation of facts filed by the parties, Edward R. Sobek was the named insured as well as the title holder of the van. In addition, Mr. Sobek paid all premiums directly to Nationwide, but was periodically reimbursed by his son, Mark Sobek, the actual operator of the vehicle. Of course, Nationwide had no knowledge of this arrangement between Mr. Sobek and his son, and thus could not adjust their rates accordingly. Also, the stated terms of the policy covered Edward Sobek, his wife, and all relatives under age 21 and residing in

Mr. Sobek's household at 3807 Trask Avenue. See 40 Pa. C.S. §1009.103. Furthermore, Mark Sobek was 24 years of age at the time of the accident, and had been living at 929 Pennsylvania Avenue, Erie, Pa. for nine months prior to the accident. We conclude from the above facts that Mark Sobek was not covered by his father's Nationwide insurance policy when the accident occurred.

Assuming, arguendo, that Mark Sobek was insured under the Nationwide policy, he would have had to have been involved in an accident while he was the driver or occupant of the van for Nationwide to be primarily liable. See 40 Pa. C.S. §1009.204(a)(3). While Mark was clearly not driving the van when the accident occurred, the test for determining whether he was "occupying" the van "focuses upon whether the person claiming benefits was performing an act (or acts) which is (are) normally associated with the immediate "use" of the auto." Utica Mutual Ins. Co. v. Contrisciane, 504 Pa. 328, 473 A.2d 1005 (1984). The Pennsylvania Supreme Court has established the following criteria to show "occupancy":

(1) there is a causal relation or connection between the injury and the use of the insured vehicle;

(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and

(4) the person must be engaged in a transaction essential to the use of the vehicle at the time. Utica, supra, at p. 1009.

Plaintiff argues that a mere "but for" test of causation is enough to establish a connection between the injury and the Dodge van. Plaintiff contends

that if Mark Sobek had not slid the van into a snow-filled ditch, he would not have been walking along the road enabling plaintiff's insured to hit him. We disagree with plaintiff, and follow the reasoning of Glad v. State Farm Mutual Auto Ins. Co., 336 Pa. Super. 196, 485 A.2d 499 (1984), in which the Superior Court stated:

"While this court has previously held that a cause and result relationship is enough to satisfy the "arising out of" provision of an automobile insurance policy, Eichelberger v. Warner, 290 Pa. Super. 269, 434 A.2d 747 (1981), we recently have reaffirmed our position that the automobile itself, not some external force, must be the instrumentality used to cause the injury in No-fault cases." Glad, supra, at 501. Here, Mark Sobek abandoned his vehicle in search of a friend's assistance. The van did not cause Mark's injuries, rather, Mr. Petersen's Chevy did. Mark was not in close geographic proximity to the van, but was one tenth of one mile away. Mark was not "vehicle oriented"; he was walking along the road and therefore "highway oriented". Finally, Mark was only arguably engaged in a transaction essential to the use of the vehicle at the time of the accident. Thus, plaintiff utterly fails the test established by our Supreme Court which would make defendant liable for Mark Sobek's injuries. Consequently, plaintiff's motion for summary judgment will be denied, while defendant's motion for summary judgment will be granted.

## ORDER

And now, this March 13, 1985, upon consideration of all the pleadings filed and arguments heard in this matter, it is hereby ordered, directed and decreed that plaintiff's motion for summary judgment

shall be denied and dismissed, while defendant's motion for summary judgment shall be granted. Costs to be divided equally between the parties.