

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2003

# Natl Cslty Co v. Wyomissing

Precedential or Non-Precedential: Non-Precedential

Docket 02-1269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Natl Cslty Co v. Wyomissing" (2003). *2003 Decisions.* Paper 851.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/851

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1269/02-1270

_____

NATIONAL CASUALTY COMPANY

v.

BOROUGH OF WYOMISSING; MICHAEL L. DELONG; ISAAC L.
RODRIGUEZ; KEITH R. KRICK, Individually and as Executor of
the Estate of JOYCE E. KRICK, AND as Administrator of the
Estate of KYLE CHRISTOPHER KRICK; PENN NATIONAL INSURANCE CO.,

PENN NATIONAL INSURANCE CO,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. 01-CV-1424)
District Judge: Honorable Franklin S. Van Antwerpen

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2003

Before: SCIRICA, BARRY and SMITH, Circuit Judges

(Opinion Filed: January 29, 2003 )

OPINION OF THE COURT

SMITH, Circuit Judge:

Penn National Insurance Company appeals the District Court's grant of summary judgment to National Casualty Company. Because we agree that National Casualty Company had no duty to defend the Borough of Wyomissing, we will affirm.

## I. FACTS

Joyce Krick and Kyle Krick suffered fatal injuries when they were struck, while crossing the street, by a stolen van operated by Isaac L. Rodriguez. Rodriguez had been fleeing from a Borough of Wyomissing police car.[1] The Krick complaint alleged:

> The negligence, recklessness and other tortious conduct of the defendant, Borough, included the following:
>
> (a) Maintaining a high speed motor vehicle chase under circumstances that were unsafe and which posed an unreasonable risk to innocent bystanders, in general and to the plaintiff's decedents in particular;
> (b) Failing to terminate the high speed motor vehicle pursuit once the vehicles entered a residential neighborhood, thereby posing a significant risk of serious injury or death to innocent bystanders such as the plaintiff's decedents;
> (c) Failing to follow appropriate departmental guidelines pertaining to initiation, maintenance and/or discontinuance of high speed motor vehicle pursuits;
> (d) Failing to establish reasonable and appropriate guidelines pertaining to the initiation, maintenance and/or discontinuance of high speed motor vehicle pursuits;
> (e) Violating the statutes and ordinances of the Commonwealth of Pennsylvania and its political subdivision pertaining to the proper operation of motor vehicles;
> (f) Being otherwise negligent and reckless.

The Borough of Wyomissing had two insurance policies: a general liability policy issued by National Casualty Company and an automobile insurance policy issued by Penn National Insurance Company.

---

[1] Rodriguez's car struck a car operated by Michael DeLong before rebounding and striking the pedestrians, but this fact is not relevant to the current insurance dispute.

2

Penn National Insurance Company admitted that it had a duty to defend and indemnify as a result of the police chase, but National Casualty Company denied that it had any such duty.

The National Casualty Company policy contained the following exclusion:

The Company shall not be obligated to make any payment nor defend any SUIT in connection with any claim made against the INSURED:

(10) For PERSONAL INJURY, BODILY INJURY or PROPERTY DAMAGE arising out of ownership, maintenance, operation, use, loading or unloading of any:

(a) AUTOMOBILE, watercraft, or aircraft owned by the INSURED; or
(b) To any other AUTOMOBILE, watercraft, or aircraft operated by any person in the course of his employment by the INSURED.

## II.    PROCEDURAL POSTURE

National Casualty Company ("National") brought a declaratory judgment action against, *inter alia*, the Borough of Wyomissing and Penn National Insurance Company ("Penn"). National then moved for summary judgment on the basis that it had no duty to defend or indemnify the Borough because all of the relevant claims fell within the automobile exclusion. The District Court granted National's motion for summary judgment, and Penn filed this appeal.

## III. JURISDICTION

The District Court had subject matter jurisdiction under 28 U.S.C.§ 1332(a). This Court has jurisdiction over the appeal based on 28 U.S.C. § 1291.

## IV. STANDARD OF REVIEW

This court exercises plenary review over a district court's order granting summary judgment. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). Summary judgment must be

3

granted if "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of fact exists "only if a reasonable jury, considering the evidence presented, could find for the non-moving party." Childers v. Joseph, 842 F.2d 689, 694 (3d Cir. 1988) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Although the moving party must initially point out the absence of evidence necessary to the non-moving party's case, once it has done so the burden shifts to the non-moving party to provide evidence to support each element of the party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). The court must consider all evidence in the light most favorable to the non-moving party. See Marzano v. Computer Sci., 91 F.3d 497, 502 (3d Cir. 1996); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).

## V.   LEGAL ANALYSIS

Under Pennsylvania law, an insurer has a duty to defend its insured "whenever the allegations of the complaint filed against the insured comprehend an injury that is actually or *potentially* within the scope of the insurance policy." Sorbee Intl. Ltd. v. The Travelers Ins. Co., 735 A.2d 712, 714 (Pa. Super. Ct. 1999) (citing Gedeon v. State Farm Mut. Auto. Ins. Co., 188 A.2d 320 (Pa. 1963)) (emphasis added). Additionally, "if a single claim in a multi-claim law suit is potentially covered, the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim." Frog, Switch & Mfg. Co., Inc. v. The Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999). Exceptions to an insurer's general liability are "interpreted narrowly against the insurer." Eichelberger v. Warner, 434 A.2d 747, 750 (Pa. Super. Ct. 1981).

Appellant alleges that National has a duty to defend the Borough of Wyomissing because at

4

least some of the claims do not fall within the automobile exception.  First, appellant argues that, under Eichelberger, a clause excluding coverage for injuries "arising out of" the use of an automobile must "exclude only those injuries which are proximately caused by the automobile." 434 A.2d at 752.  In Eichelberger, the court found that the decedent's death was not proximately caused by maintenance of her car, and therefore did not fall under the automobile exclusion in her homeowner policy, because she was killed when she accidentally stepped into traffic while others were refueling her vehicle. Here, appellant argues that because it was Rodriguez's car that struck and killed the Kricks, and not the police car, it is possible that the injuries were not proximately caused by the Borough's automobile, and therefore the exclusion does not apply.[2]  In addition, appellant argues that some of the allegations in the amended complaint, such as "[b]eing otherwise negligent and reckless" do not arise out of the use of an automobile.

Appellee responds that, unlike the language at issue in Eichelberger, the language of the exclusion in this case is not ambiguous and was clearly intended to cover any causal connection between the injury and the automobile.  The automobile exclusion in Eichelberger read as follows: "This policy does not apply (1) under coverage E personal liability ... a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (2) any motor vehicle owned or operated by or rented or loaned to any insured." This is almost identical to the language at issue here, and accordingly both clauses are equally

---

[2]Appellant also suggests that each count of the complaint had to use the "arising out of" or "proximately caused by" language for the automobile exclusion to apply.  Contrary to appellant's assertion, Eichelberger does not require this.

ambiguous, and must be construed narrowly.[3]

Appellee also argues that although it was the suspect's car that killed the Kricks, this does not mean that the chase involving the Borough police car was not a proximate cause of their death. In the context of examining local government immunity, the Pennsylvania Supreme Court has held that government agencies can be jointly liable with a suspect in a situation where the decedent was killed by the car being pursued by the police. See Jones v. Chieffo, 700 A.2d 417 (Pa. 1997). Pennsylvania courts have also held that there is no distinction between the decision to continue pursuit and the continuance of pursuit. See Aiken v. Borough of Blawnox, 747 A.2d 1282 (Pa. Commw. Ct. 2000). Based on these cases, one can conclude that the claims of negligence in maintaining a high speed chase, failing to terminate the chase, failing to follow department guidelines with respect to a chase, and failing to follow statutes and ordinances governing the operation of motor vehicles all "arise out of" the use or ownership of the Borough police car  because the resulting injuries were proximately caused by the chase involving that car. Therefore, these claims fall within the automobile exclusion clause.

With respect to the fourth claim against the Borough – failure to promulgate adequate guidelines for motor vehicles – courts have not addressed this specific claim, although they have analyzed the torts

_____

[3] Appellees also argue that the phrase "arising out of" means causally connected to, and not merely proximately caused by, but Pennsylvania courts have applied this broader meaning only in the context of automobile insurance policies in order to increase coverage. See Eichelberger, 434 A.2d at 749-750; Manufacturers Cas. Ins. Co. v. Goodville Mutual Cas. Co., 170 A.2d 571, 573 (Pa. 1961). Appellants cite to Judge Cohill's decision in National Casualty Ins. Co. v. Borough of Monaca, Civ. A. No. 99-375, at 15 (W.D. Pa. May 1, 2001), as requiring only causal connection.  (A 109-129). In Monaca, Judge Cohill held that the language of an identical automobile exclusion was unambiguous and clearly excluded coverage where the passenger in the suspect's car was injured by the chase. See id. at 15.

of negligent entrustment of an automobile and negligent supervision of a driver. Failure to promulgate adequate guidelines is analogous to negligent entrustment and negligent supervision because in each case there would be no tort if it were not for the underlying negligence of the driver. Pennsylvania courts have held that negligent entrustment of an automobile "arises out of" the ownership or use of the automobile, and other states have held that negligent supervision of the individual driving the automobile arises out of ownership and use. See Pulleyn v. Cavalier Ins. Co., 505 A.2d 1016 (Pa. Super. Ct. 1986) (negligent entrustment of automobile fell within automobile exclusion); County of Kaua'i v. Scotdales Ins. Co., Inc., 978 P.2d 838 (Haw. 1999) (allegations of negligent supervision in permitting officer to drive car without adequate rest between shifts, and in failing to properly train, and supervise officer "arise out of" the "use" of a motor vehicle). Accordingly, the claim involving failure to promulgate adequate motor vehicle guidelines still alleges an injury which was proximately caused by the motor vehicle and falls within the automobile exclusion.

Finally, in response to the general allegations of recklessness or negligence, appellee makes the argument that the Borough is entitled to local governmental immunity under 42 Pa. Cons. Stat. Ann. § 8541, and that the only relevant exception to the immunity provision is for operation of a motor vehicle, under 42 Pa. Cons. Stat. Ann. § 8542(b)(1).[4] Therefore, appellee suggests that the Borough is immune

---

[4] This provision states: "The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: (1) Vehicle liability – the operation of any motor vehicle in possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer."

7

from liability for any conduct alleged that does not fall under the automobile exclusion. It is unnecessary to reach this argument since, as Judge Van Antwerpen acknowledged in a footnote, a general allegation of negligence and recklessness is meaningless divorced from the facts of the case – which necessarily involve the negligent or reckless use of a motor vehicle.

## VI.    CONCLUSION

For these reasons, we affirm the grant of summary judgment.


TO THE CLERK OF COURT:

Please file the foregoing opinion.


 /s/ D. Brooks Smith
Circuit Judge