J-A24015-24                    2025 PA Super 92

| | | |
|---|---|---|
| CHRIS ELDREDGE CONTAINERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRUM & FOSTER SPECIALTY | : | No. 81 EDA 2024 |
| INSURANCE COMPANY, NATIONAL | : | |
| UNION FIRE INSURANCE COMPANY | : | |
| OF PITTSBURGH, PA, SELECTIVE | : | |
| INSURANCE COMPANY OF AMERICA, | : | |
| CRAIG LOGAN | : | |

Appeal from the Orders Entered December 4, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-02348-MJ

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

OPINION BY LAZARUS, P.J.:                    **FILED APRIL 24, 2025**

Chris Eldredge Containers, LLC ("Eldredge Containers"), appeals from the December 4, 2023 order, entered in the Court of Common Pleas of Chester County, granting judgment on the pleadings in favor of Appellee Crum & Foster Specialty Insurance Company ("C&F").  By a separate order issued earlier on the same date, the trial court also granted judgment on the pleadings in favor of Appellee National Union Fire Insurance Company of Pittsburgh, PA ("National Union").  On appeal, Eldredge Containers raises

issues pertaining to both orders.[1]  After careful review, we reverse and remand.

This appeal arises from an incident in which an Eldredge Containers employee, driving an Ottawa Terminal Tractor, backed into a stationary service truck owned by Safety-Kleen Systems, Inc. ("Safety-Kleen"), and occupied by its employee, Craig Logan.  Logan, who alleged that he sustained injuries from the collision, filed an underlying suit that is currently pending in the Court of Common Pleas of Philadelphia County.[2]

Eldredge Containers sought defense and indemnity from its three insurance carriers:  C&F and Appellees National Union and Selective Insurance Company of America ("Selective").  All three carriers disclaimed coverage.  On April 7, 2022, Eldredge Containers commenced a declaratory judgment action seeking a declaration that the insurers were required to provide it with indemnification and defense in connection with the underlying action.

_____

[1] This appeal is properly taken because the C&F order resolved all claims against the final defendant.  **Strausser v. PRAMCO III**, 944 A.2d 761, 764 (Pa. Super. 2008) ("[W]here multiple defendants in a single action[ a]re removed from the case in piecemeal fashion by separate preliminary objections . . . . [an appeal] may be commenced as to all defendants by a single notice of appeal taken from the order resolving the final claim against the final defendant."); **see also** Pa.R.A.P. 341(b)(1). Additionally, although Craig Logan was named as a defendant in the declaratory judgment action, no claims were asserted against him and he was named only to satisfy the requirements set forth in 42 Pa.C.S.A. § 7540(a) of the Declaratory Judgment Act, which provides that, when declaratory relief is sought, all persons shall be made parties who claim an interest affected by the declaration.

[2] Safety-Kleen is not a party to the underlying suit.

On May 4, 2023, C&F, the general liability carrier, filed a motion for judgment on the pleadings. Relevantly, C&F had issued a Commercial General Liability policy to Eldredge Containers that provided coverage in the case of damages arising from bodily injury. The policy also contained an Absolute Auto, Aircraft, and Watercraft Exclusion Endorsement ("Absolute Auto Exclusion") that excluded coverage for "[b]odily injury or property damage arising out of or resulting from the ownership, maintenance, use[,] or entrustment to others of any aircraft, auto[,] or watercraft." C&F Commercial General Liability Policy, Absolute Auto Exclusion, 7/15/19, at 1 (internal quotation marks omitted). C&F argued that the Absolute Auto Exclusion was triggered by the underlying action because Logan's Safety-Kleen service truck was an "auto" under the definition of the policy and, therefore, Logan's alleged injuries arose out of the ownership or use of an "auto."

On July 14, 2023, Selective, Eldredge Containers' auto carrier, filed a motion for judgment on the pleadings, asserting that the Ottawa Terminal Tractor operated by the Eldredge Containers employee was excluded under the definition of "auto" in its policy.[3] On September 28, 2023, National Union, the excess carrier, also filed a motion for judgment on the pleadings, asserting

---

[3] Eldredge Containers does not contest that, under the relevant policies, the truck in which Logan was sitting was an "auto," but the Ottawa Terminal Tractor operated by the Eldredge Containers employee was not. As such, Selective's denial of coverage is not at issue in this appeal.

that it had no duty to defend or indemnify Eldredge Containers absent a corresponding duty under either C&F's or Selective's policies.

The trial court ultimately granted all three motions for judgment on the pleadings. Eldredge Containers filed a timely notice of appeal. The trial court did not direct Eldredge Containers to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Eldredge Containers now presents the following claims for our review:

1. [U]nder the [Absolute Auto Exclusion] in the commercial general liability insurance policy issued by C&F to [Eldredge Containers], does C&F have a duty to defend or indemnify Eldredge Containers for claims raised against Eldredge Containers in the underlying personal injury action?

2. If Eldredge Containers is covered under C&F's commercial general liability insurance policy, does excess insurance carrier National Union have a duty to defend or indemnify Eldredge Containers for claims raised against Eldredge Containers in the underlying personal injury action?

Appellant's Brief, at 5.

Pursuant to Pa.R.C.P. 1034(a), a party may move for judgment on the pleadings after the relevant pleadings are closed. Our review of judgment on the pleadings is well-settled:

A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Thus, in reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court is based on a clear error of law or whether there were facts disclosed by the pleadings [that] should properly go to the jury. An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while

considering against him only those facts which he specifically admits. Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. [The court] may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Wilcha v. Nationwide Mut. Fire Ins. Co.*, 887 A.2d 1254, 1258 (Pa. Super. 2005) (citations omitted); *see also Cornwall Mountain Investments, L.P. v. Thomas E. Proctor Heirs Tr.*, 158 A.3d 148, 153 (Pa. Super. 2017) ("Judgment on the pleadings should only be granted when there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law.").

This appeal involves the interpretation of an insurance policy, which "is a question of law that we will review *de novo*." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006). We are not limited by the trial court's rationale, and we may affirm its decision on any basis. *See Blumenstock v. Gibson*, 811 A.2d 1029, 1033 (Pa. Super. 2002).

"Our purpose in interpreting insurance contracts is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy." *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007). "When the language of a contract is unambiguous, we must interpret its meaning solely from the contents within its four corners, [] consistent with

its plainly expressed intent." ***Seven Springs Farm, Inc. v. Croker***, 748 A.2d 740, 744 (Pa. Super. 2000) (internal citations omitted). "We may not consider extrinsic evidence unless the terms are ambiguous." ***Id.*** A policy provision is ambiguous when it is "reasonably susceptible of different constructions and capable of being understood in more than one sense" when applied to a particular set of facts. ***Allstate Fire and Cas. Ins. Co. v. Hymes***, 29 A.3d 1169, 1172 (Pa. Super. 2011).

When a coverage clause is ambiguous, it is to be "interpreted broadly so as to afford the greatest possible protection to the insured." ***Eichelberger v. Warner***, 434 A.2d 747, 750 (Pa. Super. 1981). "Exceptions to an insurer's general liability are[,] accordingly[,] to be interpreted narrowly against the insurer." ***Id.*** "These rules of construction are necessary because, as this [C]ourt has noted, insurance policies are[,] in essence[,] contracts of adhesion." ***Id.***

Here, Eldredge Containers avers that the trial court erred in finding the Absolute Auto Exclusion unambiguous because the clause does not specify a causation standard or identify whose ownership or use of an auto triggers the exclusion. ***See*** Appellant's Brief, at 17. We agree.

In its opinion, the trial court relies solely on ***Nautilus Ins. Co. v. Bike and Build***, 340 F. Supp. 3d 399 (E.D. Pa. 2018), to find that C&F's Absolute Auto Exclusion is unambiguous with respect to the causation standard and the

ownership clause.[4] *See* Order and Memorandum, 12/4/23, at 1-4 (unpaginated). While decisions of the federal courts, exclusive of the United States Supreme Court, constitute persuasive authority, state courts are not bound by a federal court's interpretation of state law. *Martin v. Hale Products, Inc.*, 699 A.2d 1283, 1287 (Pa. Super. 1997).[5] We, therefore, proceed to an analysis of the exclusion under applicable Pennsylvania state case law.

The Pennsylvania Supreme Court considered the phrase "arising out of" in the context of an automobile insurance policy, and found it to be "vague or ambiguous," and, therefore, "construed [it] strictly against the insurer and liberally in favor of the insured." *Manufacturers Cas. Ins. Co. v. Goodville Mutual Cas. Co.*, 170 A.2d 571, 573 (Pa. 1961). Subsequently, in

---

[4] The trial court's Rule 1925(a) opinion incorporates its analysis in the order and memorandum granting C&F's motion for judgment on the pleadings. *See* Trial Court Opinion, 2/21/24, at 2.

[5] We note that *Nautilus* is inapposite for two reasons. First, the *Nautilus* court improperly relied upon extrinsic evidence, i.e. a prior iteration of the policy, to conclude that the ownership clause of the subject policy was unambiguous. However, Pennsylvania law is clear that extrinsic evidence may only be considered once the court has concluded that a policy is ambiguous. *See Seven Springs Farm*, 748 A.2d at 744 (explaining that court may not consider extrinsic evidence unless it first finds ambiguity). Second, with regard to causation, the facts of *Nautilus* are distinguishable from the instant matter. Here, Logan's complaint alleges that his injuries were proximately caused by the Ottawa Terminal Tractor, a non-auto. In *Nautilus*, the plaintiff's injuries were proximately caused by a third party's automobile and, thus, under *Eichelberger*, the auto exclusion applied. *See* discussion, *infra*.

*Eichelberger*, *supra*, this Court analyzed two insurance policies and found that, for purposes of an exclusionary clause, the phrase "arising out of" must be strictly construed against the insurer to "exclude only those injuries which are proximately caused by the automobile." 434 A.2d at 752.

As in *Eichelberger*, the causation standard in C&F's Absolute Auto Exclusion requires that the bodily injury arise out of the use of an auto. It is, therefore, ambiguous and must be construed strictly against the insurer to exclude only those injuries that are proximately caused by the auto. *See Manufacturers Cas. Ins. Co.*, 179 A.2d at 573; *see also Eichelberger*, 434 A.2d at 752. Here, the underlying complaint alleges that it was the Ottawa Terminal Tractor, a non-auto, and not the Safety-Kleen truck, that was the proximate cause of Logan's injuries.[6] *See* Complaint, 4/26/21, at 3 (unpaginated) ("[Plaintiff] was the occupant of a service truck that was stopped at the defendant's business facility when suddenly, and without warning[,] defendant, John Doe[,] backed up a tractor trailer causing a significant impact with plaintiff's vehicle."). Therefore, Eldredge Containers is entitled to coverage because the Absolute Auto Exclusion is not triggered.

Additionally, the ownership clause in the Absolute Auto Exclusion is also ambiguous. That clause does not specify whose "ownership, maintenance,

---

[6] "[C]onduct is a proximate cause of the plaintiff's harm where the conduct was a substantial factor in bringing about the harm inflicted upon a plaintiff." *Straw v. Fair*, 187 A.3d 966, 993 (Pa. Super. 2018) (internal quotations omitted).

use[,] or entrustment to others of any [] auto" triggers the exclusion. This clause is "reasonably susceptible of different constructions and capable of being understood in more than one sense" when applied to a particular set of facts. **Hymes**, 29 A.3d at 1172. Thus, construed strictly against the insurer, the exclusion is triggered only by **the insured's** "ownership, maintenance, use[,] or entrustment to others of" an auto. **See Eichelberger**, **supra** (ambiguous coverage clause to be interpreted broadly to afford greatest possible protection to insured). Here, the only auto at issue is Logan's Safety-Kleen truck, **see supra** at n.3, which Eldredge Containers indisputably did not own, maintain, use, or entrust to others.

Accordingly, we conclude that C&F and National Union have a duty to indemnify and defend Eldredge Containers in the underlying suit.[7] We, therefore, find that the trial court erred in granting C&F and National Union's motions for judgment on the pleadings. **See Wilcha**, 887 A.2d at 1257 ("Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.").

_____

[7] National Union concedes in its brief that "[t]he Excess Policy issued by National Union only provides coverage where there is coverage for a claim under at least one of the underlying policies." Appellee's Brief, 6/10/24, at 22. Thus, given our conclusion that there is coverage under C&F's policy, National Union's Excess Policy will provide coverage if C&F's policy is exhausted.

Order reversed.  Case remanded for further proceedings consistent with this opinion.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/24/2025