J-A11036-25

2025 PA Super 154

ERIE INSURANCE EXCHANGE : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD RUSSO :
:
Appellant : No. 1138 MDA 2024

Appeal from the Order Entered July 15, 2024
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-22-04653

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: JULY 22, 2025**

This appeal arises from the order entered in the Court of Common Pleas of Lancaster County granting a declaratory judgment, sought by Appellee Erie Insurance Exchange ("Erie"), that Erie could deny Appellant underinsured motorist ("UIM") coverage through application of the "regular use" exclusion[1] present in Appellant Russo's personal automobile policy. After careful consideration, we affirm, albeit on different grounds.

The trial court aptly sets forth the relevant facts and procedural history, as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] A regular-use exclusion removes from an insured's UM/UIM coverage accidents occurring while the insured occupies a vehicle that the insured has regular access to and/or use of but which is not covered under insured's policy. **See** infra.

On November 19, 2018, Defendant, Richard Russo ("Russo"), while in the course of his employment and while operating a vehicle supplied by his employer, Lancaster Plumbing, Heating, Cooling and Electrical, was involved in a motor vehicle accident. Russo was covered by his employer's insurance policy for the work vehicle he was driving and he received the maximum UIM benefits under that policy in the amount of $35,000.00.[fn] Because of the seriousness of Russo's injuries, he then filed a claim for underinsured motorist benefits under his own personal automobile insurance policy issued by Plaintiff, Erie Insurance Exchange ("Erie").

> Fn. The employer's commercial auto policy with Donegal Insurance Group . . . has non-stacked underinsured motorist coverage and shows that Russo is not listed as a named insured.

On August 3, 2022, Erie filed a complaint seeking declaratory judgment pursuant to 42 Pa.C.S. § 7531, *et seq*. Erie avers that the policy contains the following exclusionary language:

**EXCLUSIONS – What We Do Not Cover**

This insurance does not apply to:

. . .

11. Bodily injury to "you" or a "resident" using a nonowned "motor vehicle" or a nonowned "miscellaneous vehicle" which is regularly used by "you" or a "resident," but not insured for Uninsured or Underinsured Motorist Coverage under this policy.

Complaint, 8/3/22, ¶ 13

Erie avers that the [employer's] vehicle Russo was operating at the time of the accident was not named or listed on his policy and that, as part of his employment, Russo operated vehicles provided by his employer in order to complete his duties on behalf of his employer.[fn]

> Fn. Russo admits these facts as true although Russo avers that he is without information regarding the identity of the legal or titled owners of the vehicles. [].

Based on these facts, Erie assert[ed] that the regular use exclusion precludes Russo from recovering underinsured motorist benefits under Russo's policy with Erie. Erie ask[ed] that the [trial] court enter an order declaring that Erie is not required to pay underinsured motorist benefits for the accident on November 19, 2018, enjoining Russo from maintaining any claim for underinsured motorist benefits for the accident [], and awarding Erie counsel fees, costs, interest, and any other relief the [trial] court deems proper.

On August 24, 2022, Russo filed preliminary objections in the nature of a demurrer asserting that Erie failed to state a claim because the regular use exclusion had been declared invalid by the Superior Court of Pennsylvania in *Rush v. Erie Exchange*, 265 A.3d 794 (Pa. Super. 2021). Because allocatur was granted by the Pennsylvania Supreme Court on June 27, 2022, and because *Rush* was factually identical,[fn] the parties agreed to stay the proceedings until a decision was made.

> Fn. The insured in *Rush*, along with his wife, owned three personal vehicles on two insurance policies through Erie and they paid for stacked UIM coverage on both policies. Russo's auto policy declarations and policy show that, like the insured in *Rush*, Russo and his wife are named insureds, own four vehicles, and pay for stacked UIM coverage.

On January 29, 2024, the Pennsylvania Supreme Court issued its opinion in *Rush* and held that the regular use exclusion was valid and enforceable. *Rush v. Erie Ins. Exch.*, 308 A.3d 780 (Pa. 2024). Based on that opinion, [the trial court] denied Russo's preliminary objections and directed Russo to file an answer which he did on March 28, 2024. Thereafter, on April 15, 2024, Erie filed its Motion for Judgment on the Pleadings and a supporting brief. Russo filed his brief on May 6, 2024, and Erie filed a reply brief on May 9, 2024. . . .

Trial Court Opinion, 7/8/2024, at 1-3.

By the trial court's Order of July 8, 2024, it granted Erie's Motion for Judgment on the Pleadings and entered Declaratory Judgment "that there is no underinsured motorist coverage available to Richard Russo on [his personal auto policy under Erie Insurance] in connection with the November 19, 2018, motor vehicle accident." This appeal follows.

Defendant/Appellant Russo raises the following issues for this Court's consideration:

1. Did the trial court commit errors of law by rendering its judgment based on **Erie Insurance Exchange v. Mione**, [] 289 A.3d 524 (Pa. 2023), and **Major v. Cruz**, 310 A.3d 809 (Pa. Super. 2024)?

2. Did the Supreme Court in **Rush** [] overrule its previous decision in **Gallagher v. Geico Indemnity Co.**, [] 201 A.3d 131 (Pa. 2019) that limited the application of any exclusion from preventing stacking pursuant to 75 Pa.C.S.A. § 1738, including the "regular-use exclusion"?

3. Does stacking include when the individual is injured in a vehicle other than his own insured vehicle and is insured under the non-owned vehicle's policy, which also has underinsured motorist coverage (such as an employer's vehicle), and where the employer named insured is a corporation?

Brief of Appellant, at 4.

Pursuant to Pa.R.C.P. 1034(a), a party may move for judgment on the pleadings after the relevant pleadings are closed. Our review of judgment on the pleadings is well-settled:

A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact

- 4 -

exists, and the moving party is entitled to judgment as a matter of law. Thus, in reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court is based on a clear error of law or whether there were facts disclosed by the pleadings [that] should properly go to the jury. An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits. Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. [The court] may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

***Chris Eldredge Containers, LLC v. Crum & Foster Specialty Ins. Co.***, --- A.3d ----, 2025 WL 1186423 2025 PA Super 92 (Pa. Super. filed Apr. 24, 2025) (citations omitted). ***See also Cornwall Mountain Investments, L.P. v. Thomas E. Proctor Heirs Tr.***, 158 A.3d 148, 153 (Pa. Super. 2017) ("Judgment on the pleadings should only be granted when there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law."); Pa.R.Civ.P. 1034.

We first consider Russo's third issue, as our resolution under the facts of the Motor Vehicle Financial Responsibility Law ("MVFRL") stacking issue raised therein is dispositive of Russo's remaining issues. Specifically, Russo contends that he is "an insured" under employer Lancaster Plumbing's Donegal auto policy and may, pursuant to Section 1738 of the MVFRL, add to

the UIM payment he received from Donegal the stacked UIM coverage he purchased in his personal Erie auto policy. We disagree.

> "The concept of stacking relates to the ability to add coverages from other vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." ***Erie Ins. Exch. v. Mione***, [] 289 A.3d 524, 526 n.2 ([Pa]2023) (citation omitted). Section 1738 of the MVFRL, states, in pertinent part:
>
> > **§ 1738. Stacking of uninsured and underinsured benefits and option to waive**
> >
> > **(a) Limit for each vehicle.--**When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.
>
> 75 Pa.C.S.A. § 1738(a).

***Erie Ins. Exch. v. Baluch***, 330 A.3d 825, 828–29 (Pa. Super. 2025), ***reargument denied*** (Mar. 4, 2025).

Russo asserts that Section 1738 stacking is available "when an individual is injured in a vehicle other than his own insured vehicle and is an insured under the non-owned vehicle's policy, which also has underinsured motorist coverage (such as an employer's vehicle) and where the employer named insured is a corporation." Brief of Appellant, at 22. Regarding his relationship to his employer's vehicle, which is the first priority UIM policy

vehicle[2] in this case, Russo denies Erie's position that he was merely an "occupant"[3] or "guest passenger" and received UIM benefits from his

_____

[2] ***Generette v. Donegal Mut. Ins. Co.***, 957 A.2d 1180 (Pa. 2008) explains the process of underinsured motorist recovery under Section 1733 of the MVFRL.  When the tortfeasor's liability coverage is insufficient to cover injuries sustained in an accident, then the "policy covering a motor vehicle occupied by the injured person at the time of the accident" is in first priority ("First Priority UIM policy"), regardless of whether the injured person would otherwise be an "insured" under the policy.  75 Pa.C.S. § 1733(a)(1).  If the injuries exceed the coverage of the First Priority UIM policy, then the injured person may seek recovery under a "policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured" ("Second Priority UIM policy").  75 Pa.C.S. § 1733(a)(2).  ***Generette***, 957 A.2d at 1189.  (emphasis added)

Furthermore, apart from the issue of stacking under Section 1738, and with respect instead solely to the injured person receiving UIM coverage in the first instance from the policy on the accident vehicle occupied,  Generette "acknowledge[s] . . .  that Section 1733(a) suggests that guest passengers are covered by most insurance policies, given that the first priority UIM coverage is the policy covering the vehicle occupied, regardless of whether the injured person is an insured."  ***Generette***, 957 A.2d at 1190.

[3] A person is considered to have been "occupying" a vehicle if, while lawfully using an insured vehicle,

(1) there is a causal relation or connection between the injury and the use of the insured vehicle;
(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;
(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and
(4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

***Baclit v. Sloan***, 323 A.3d 1, 11 (Pa. Super. 2024), *reargument denied* (Oct. 22, 2024) *appeal granted*, No. 316 WAL 2024, 2025 WL 1230847 (Pa. Apr.
*(Footnote Continued Next Page)*

employer's Donegal policy in that capacity. Instead, Russo maintains the Donegal UIM coverage stemmed from both his status as an employee insured under his employer's policy and his having operated the vehicle in the course of his employment on behalf of his employer. In this vein, Russo argues that his employer "insured the vehicle specifically for [him] as its employee, as a specifically intended beneficiary of that policy by his corporate employer[,]" and it is by this fact that he holds the status of an insured entitled to stacking under Section 1738. Brief of Appellant, at 22.

Erie contests Russo's claim that he is an insured under his employer's Donegal policy for purposes of Section 1738 stacking purposes. Under both statutory authority and interpreting decisional law, Erie argues, "an insured" is a term of art with limited scope that includes only "class one" insureds, that is, a policy's named insureds, resident relatives of a named insured, and, where the insured is a corporation, officers of the corporation.[4]

The issue of whether Russo was an insured under his employer's policy is critical to the present issue because, under the MVFRL, only one who is an insured under both policies implicated in a stacking situation may engage in inter-policy stacking of UM/UIM insurance. **_See Craley v. State Farm Fire_**

---

29, 2025) (quoting **_Utica Mut. Ins. Co. v. Contrisciane_**, 473 A.2d 1005, 1009 (Pa. 473 A.2d 1005) (citation omitted)).

[4] **_See_**, **_e.g._**, **_Baclit_** (holding decedent was an insured despite corporate auto insurance policy naming only the corporation as an insured; determinative were facts establishing decedent was sole officer and made all decisions and purchases in the corporate policy that secured stacking UIM coverage and declined all Section 1738 waiver offers)

*and Cas. Co.*, 895 A.2d 530, 533 (Pa. 2006).  Therefore, if Russo was not an insured under his employer's Donegal policy, then he is ineligible for inter-policy stacking under Section 1738, a consequence that would render moot the dependent question of whether the regular use exclusion in his personal auto policy under Erie worked an unlawful, *de-facto* waiver of a Section 1738 right to stack in this case.

On the issue of whether he was an insured under his employer's Donegal policy and thus able to effect inter-policy stacking of his personal Erie UIM insurance, Russo claims support from *In re Insurance Stacking Litigation*, 754 A.2d 702 (Pa. Super. 2000), *Craley*, and *Generette*.  In *Craley*, our Supreme Court reviewed *In re Insurance Stacking Litigation* and this Court's acknowledgment therein of the deference due the Insurance Commissioner's pronouncement that single-vehicle policy holders paying higher premiums for stacking could benefit from doing so in two situations:

> (1)   where the insured is injured in his own vehicle insured with uninsured motorist coverage and is also covered as an insured under another policy providing uninsured motorist benefits, and
>
> (2)   where the individual is injured in a vehicle other than his own insured vehicle and is an insured under the non-owned vehicle's policy, which also has uninsured motorist coverage (such as an employer's vehicle)."

*Craley* at 495.

Contrary to Russo's position, however, the passage describing the second enumerated situation does not state that all employees riding in their

employer's vehicle qualify as "an insured under the non-owned vehicle's policy." [5] Rather, the passage relates a conditional benefit, whereby an individual injured in a vehicle other than their own, such as an employer's vehicle, may benefit from having purchased stacking on their personal single vehicle policy *if* that individual "is an insured under the non-owned vehicle's policy."

In *Generette*, our Supreme Court held that it was "bound to apply the specific definition of 'insured' provided by the General Assembly in Section 1702[6] of the MVFRL to the use of the term in Section 1738, absent any indication of the legislature that it should not be applied." *Id.* at 1190. While the Court recounted the deference it gave in *Craley* to the Insurance Commissioner's interpretation of inter-policy stacking benefits and further

---

[5] *See* Brief of Appellant, at 27, in which Russo quotes the Third Circuit Court of Appeals decision in *Berardi v. USAA General Indemnity Company*, 2023 WL 4418219 (July 10, 2023), in which the circuit court held that a second scenario policy holder who is injured in his employer's vehicle and is an insured under his employer's policy for that vehicle is distinguishable from the *Generette* situation "because the policy holder is a named insured on his employer's policy, rather than a guest passenger." *Berardi* at 2. Notably, unlike the employee in the circuit court's description of the second scenario, Russo was not a named insured on his employer's policy.

[6] The MVFRL defines "insured" as any of the following: "(1) An individual identified by name as an insured in a policy of motor vehicle liability insurance. (2) If residing in the household of the named insured: (i) a spouse or other relative of the named insured; or (ii) a minor in the custody of either the named insured or relative of the named insured." 75 Pa.C.S. § 1702. Notably, the Donegal Policy designates neither Russo nor any class of persons, such as "employees," to which Russo would conceivably belong, as an insured or intended beneficiary of the policy.

acknowledged the reality that "guest passengers are covered by most insurance policies, given that the first priority UIM coverage is the policy covering the vehicle occupied, regardless of whether the injured person is an insured[,]" it nevertheless declined to expand the MVFRL's definition of an insured to reflect such facts:

> We refuse to use this implication, however, to override the specific definition of "insured" in Section 1702, which does not include guest passengers. As we are bound by the statute as written, we leave amendment of the MVFRL to the legislature to clarify what is required of insurers concerning guest passengers.

*Id.* at 1190, fn 14.

Under this jurisprudence, Russo is not "an insured" under the Donegal policy for purposes of Section 1738, as he neither meets the MVFRL's definition of "an insured" pursuant to Section 1702 nor qualifies with respect to the Donegal policy as a "class-one insured" under decisional law.[7] Simply receiving UIM coverage for injuries sustained as an occupant in a first priority vehicle does not make one "an insured" under the vehicle's policy who is then entitled to stack one's personal auto policy UIM coverage.

Therefore, because Russo was not entitled to stack his Erie UIM coverage atop the Donegal UIM coverage received, we conclude he may not prevail on the issues he raises in challenge to the trial court's declaratory

---

[7] "Class-one" insureds include (1) the named insured, (2) any designated insureds, and (3) the spouse and relatives of either, while residents of the same household." **Baclit** at 9 (2024), *quoting* **Est. of O'Connell ex rel. O'Connell v. Progressive Ins. Co.**, 79 A.3d 1134, 1139 (Pa. Super. 2013) (citations omitted).

judgment that "there is no underinsured motorist coverage available to Richard Russo on [his personal auto policy under Erie Insurance] in connection with the November 19, 2018, motor vehicle accident[,]" albeit on different grounds.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/22/2025